LOUIS BÉRIDON, Administrator, et al. v. LUDGER BARBIN, Sheriff, et al.

Statutes of a general nature do not repeal particular statutes enacted for the benefit and relief of individuals.

Prior to the passage of the Acts of the 16th March, 28th April, 1853, and 17th March, 1852, there were no provisions in our law with regard to settlers claiming preëmption rights to the lands donated by the general government to the State, under the Acts of Congress of March 2nd, 1849, and September 28th, 1850; the State, therefore, at that time had control over these lands, subject only to the conditions of the grant.

APPEAL from the District Court of the Parish of Avoyelles, *Ogden*, J. *H. & S. L. Taylor* and *Barlow & Waddill*, for plaintiffs. *J. L. Génères*, for defendant and appellant.

COLE, J.    The plaintiffs enjoined the Sheriff in the execution of an order issued from the Second District Court of the parish of Orleans, requiring him to sell certain land situated on Red River, within the parish of Avoyelles, being property belonging to the succession of *Mark Borrel*, deceased.

Plaintiffs aver, that the right to the land forms a portion of the succession of *Julien B. Maillet*, deceased, whose estate is administered by *Louis Béridon;* that it was acquired by *Maillet* under the preëmption laws, and by Act of the Legislature of this State, entitled " An Act for the relief of *Julien B. Maillet.*"

The defendants, in defence of their title, allege that they hold the land in question by entry under the Act of the Legislature of the State of Louisiana, approved the 17th of March, 1852, entitled " An Act to provide for the sale of swamp or overflowed lands," and exhibit patents for the same, and that this land was a portion of the swamp land selected by the Register of the land office, under, and by virtue of, said Act of the Legislature; and, in pursuance thereof, sold to *Mark Borrel.*

There was judgment perpetuating the injunction and annulling the patents, in the name of *Mark Borrel.*

Defendant has appealed.

The decision of this cause depends on the interpretation which may be given to Act No. 184, of the Legislature, approved 18th March, 1850, entitled an Act for the relief of *Julien B. Maillet* of the parish of Avoyelles, which is as follows :

" Be it enacted, &c., that *Julien Baptiste Maillet* is hereby authorized to procure a land warrant from the State Register of the land office, for three hundred and twenty acres, to cover his preëmption right on file in said office, and that the Register of the land office be, and he is, hereby required to reserve the same until said land be duly surveyed and approved, and the said *Maillet* duly notified thereof."

It is not denied that the land in contestation is that which is alluded to in this Act.

It may be concluded from the Act that adequate proof was presented to the sovereign power of the State of the preëmption right of *Maillet.*

There is no evidence in the record that this land was ever surveyed and approved; or, if so, that *Maillet* was ever notified of the same.

This Act deprived the State of the prerogative of alienating the land, until after it had been surveyed and approved and *Maillet* had been duly notified there-

of, and had neglected in due time to cover his preëmption right with his land warrant.

The Acts of 16th March and 28th April, 1853, (Acts of 1853, pp. 35 and 156,) do not conflict with the Act in favor of *Maillet;* these Acts require, that the application and proof of preëmption should be made before the expiration of twelve months after their passage. But they are general statutes, and do not repeal one enacted for the benefit of a particular individual.

Besides, this land was a part of the swamp land donated to the State by the Acts of Congress, of March 2d, 1849, and 28th of September, 1850.

Prior to the said Acts of 16th March and 28th April, 1853, and that of March 17th, 1852, there were no provisions of our law in relation to settlers or preëmptors on the lands thus donated. The State had, therefore, in 1850, control over the land in contestation, subject to the conditions of the grant; and, as she then conferred the right on *Maillet*, to purchase the same after certain conditions should have been performed by herself; she could not subsequently deprive him of this privilege without any act or omission on his part sufficient to forfeit the same.

Judgment affirmed, with costs of appeal.