No. 1412.

JACOB U. PAYNE ET AL. VS. MORGAN'S LOUISIANA AND TEXAS
RAILROAD AND STEAMSHIP COMPANY.

Sec. 12 of the charter of the Morgan Louisiana and Texas Railroad and Steamship
Company exempts it from suit outside of the City of New Orleans, except in
cases of trespass.

Where a railroad enters upon the land of another, in the course of construction, and builds its road and roadbed, without opposition upon the same, and the party makes no objection for several years, his act will be construed into a waiver. His claim against the road must be for compensation at the domicile of the company. He does not abandon his claim for compensation by the tacit waiver.

A PPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis, J.*

*Kenneth Baillio* for Plaintiffs and Appellants.

*Leovy & Blair*, *H. L. Garland* and *Laurent Dupré* for Defendant and Appellee.

The opinion of the court was delivered by

McENERY, J.  The plaintiffs sue the defendant for the recovery of land now occupied by it as a railroad embankment in excess of what is necessary for railroad purposes.

They also sue for the value of the strip of land occupied by the railroad embankment.  They aver that by the construction of the railroad embankment, the natural drains and ditches on their property have been obstructed and the flow of water retarded, damaging them to the amount of $2000. Suitable crossings, cattle guards, culverts, etc., are demanded to be constructed by plaintiffs of the defendant company.

The defendant company filed an exception to the jurisdiction of the court, as follows:

"That under Section 12 of its charter, suits can not be brought against it outside the parish of Orleans, except in cases of trespass. That the present suit is not one for trespass, and hence the District Court is without jurisdiction to try the same."

The exception was sustained and the suit dismissed.  From this judgment plaintiffs have appealed.

From the face of the papers it will be perceived that the gravamen of plaintiffs' petition is:  (1) That the defendant company has taken possession of and holds 22 and 72-100 acres belonging to them, and is using same as a railroad track, on which it is running its passenger and freight trains—the one-half of which plaintiffs demand shall be restored to them in kind, and for the

other half they claim a personal judgment for its value; (2) that the defendant company has, by its said embankment, entirely obstructed the drainage of the place, and they ask that said company be ordered to remove the said obstructions to drainage, and make the necessary openings in its track; (3) that said company has not constructed the necessary crossings and cattle guards on its embankment, and it is asked that said company be required and ordered to make them at once.

It does not appear from the allegations in plaintiff's petition that the defendant company committed a trespass upon that property by entering upon it unlawfully.

The following averments in the petition negative any idea of a trespass having been committed by the defendant company on the lands of the plaintiffs:

Plaintiffs allege "that some time in the year 1882 the Morgan, Louisiana and Texas Railroad and Steamship Company, a corporation duly organized under the laws of this State, having its domicile in the City of New Orleans, and owning and operating railroads in other sections of the State, at that time, entered upon, took possession of, and now has possession of same, certain tracts of land originally forming part of a plantation situated on Bayou Bœuf in St. Landry Parish, about three miles above the town of Washington, known and called the 'Webb' or 'Calligher' place, and built and constructed upon the said land so entered upon by them a railroad embankment or 'dump,' and placed on said embankment cross-ties. and steel rails, over which said company has, ever since the year 1882, been running locomotives and passenger and freight trains, whereon they have carried passengers and freight for hire, and have been operating same as a regular railroad ever since."

The obstruction of the drains and ditches, the failure to construct cattle guards, to make crossings, are merely incidental to the taking possession of plaintiffs' property, which was lawful and legal, or at least was made so by plaintiffs, who permitted the railroad company to go on the property and construct its road thereon without remonstrance or complaint. The acquiescence of the plaintiffs in the construction of the road over their property, under circumstances which made it imperative upon them to resist or to remonstrate, will be construed into a waiver of any objections to the construction of the roadbed over their property. State ex rel. Morgan's Company

vs. Judge, 33 An. 955; St. Julien vs. Morgan's Louisiana and Texas Railroad Company, 35 An. p. 924.

The taking possession of the land of plaintiffs was not accomplished by violence, nor through the commission of a wrong, tort or illegal act. The plaintiffs made no resistance to the entry of defendant, but acquiesced in it by long continued non-action. St. Julien vs. Railroad Company, 39 An. 1064.

In the case of Caldwell vs. Railroad Company, 40 An. p. 755, we said that this court had distinctly announced the doctrine that in case the owner of land permits its use and occupancy by a railroad company, and the construction upon it of a *quasi* public building without resistance or complaint, he can not'thereafter require the demolition of the work nor prevent its use by the company.   *   *   *

He can not treat such entry as tortious and sue the corporation as a trespasser at the place where the injury is alleged to have been sustained.

The plaintiffs are entitled to bring their suit at the domicile of the company for compensatory damages, and land in excess of what is required for railroad purposes, etc., which right is reserved to them.

Sec. 12 of the company's charter exempts it from suit out of New Orleans, except in cases of trespass.

In this case no trespass was committed by the defendant company.

Judgment affirmed.

Fenner, J., recuses himself on the ground of affinity to plaintiff.