(42 South. 150.)

No. 16,222.

HAYES v. MORGAN'S LOUISIANA & T. R. & S. S. CO.

In re MORGAN'S LOUISIANA & T. R. & S. S. CO.

(July 17, 1906.)

1. STATUTES — IMPLIED REPEAL — REPEAL OF SPECIAL BY GENERAL ACT.

Having given its attention to a particular subject and provided by charter for the organization of a company, the Legislature is presumed not to have intended to repeal a special provision of the charter by a subsequent general statute.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, §§ 235–237.]

2. SAME—REPUGNANCY.

The general statute and the special statute are not repugnant to each other. They can stand together and be enforced; the general law as applying to all companies except the defendant, and the special law as applying to the defendant.

These laws are not dubious. They are not contrary the one to the other.

3. SAME—INTENT OF LEGISLATURE.

The uninterrupted current of decisions is that a general law does not repeal a special law, particularly a right delegated by charter, unless it is manifest that such was the intention in adopting the general law.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, §§ 235–237.]

4. CARRIERS—ACTIONS AGAINST—VENUE—SPECIAL CHARTER.

Under its charter, except in cases of trespass, the court of defendant's domicile has jurisdiction of suits brought against it.

(Syllabus by the Court.)

Action by Homer Hayes against Morgan's Louisiana & Texas Railroad & Steamship Company. Judgment for plaintiff, and defendant applies for writs of certiorari and prohibition. Writs made perpetual, and action dismissed.

Edward Benjamin Du Buisson and Denègre & Blair, for relator. John James Bailey, for respondent.

BREAUX, C. J. Plaintiff sued the defendant before the First justice of the peace court of St. Landry to recover for the failure to deliver freight shipped by him on the defendant's road from Lecompte to Opelousas, La.

Primarily defendant's contention before the justice's court was that by section 12 of its charter (Act No. 37, p. 42, of 1877) it could only be sued at its domicile in the city of New Orleans, except in action for trespass, and that in this case there was no trespass.

Defendant, in its exception before the court, alleged that by Act No. 12, p. 12, of 1888, the act invoked by plaintiff, no jurisdiction was conferred, as it is a general law, and does not have the effect of repealing a special law. Defendant also alleged that such an attempted repeal would be an infringement of its charter and violative of both the state and federal Constitutions.

It is true, as alleged by defendant, that its charter provides that it shall be sued only at its domicile, except in actions of trespass, when the company may be sued in the

parish in which the trespass has taken place. Act No. 37, cited supra.

The general law cited by plaintiff provides that carriers may be sued either in the court at the point of delivery or at their domicile, as the person by whom the suit is brought may elect, for the recovery of freight which the carrier fails to deliver.

It is proper to state at this time that this act contains a general repealing clause of all acts in conflict with its provisions.

The exception of the defendant filed in the justice's court was overruled by that court. The defendant answered. On the trial judgment was rendered by the court for plaintiff against defendant for the amount claimed. The defendant appealed to the district court. In the latter court the grounds which had been filed in the justice's court were reiterated.

In the district court the exception was overruled, and before trial on the merits defendant applied here for a writ nisi, which was issued, and the exception before stated —i. e., whether Act No. 93, p. 152, of the Acts of 1888 confers jurisdiction upon the courts at the point of delivery, despite the limitation of defendant's charter—is before us for decision.

As relates to the authority to sue the defendant at its domicile, there is no conflict between the provisions of the former and the later act. The jurisdiction of the court in this respect is made complete by either act. The later act is an enabling and enlarging statute. In one view, to the extent that it is an enabling and enlarging act, it may be considered as cumulative, or as an amendment extending jurisdiction; but in another view it may be considered as conflicting with a former law in the respect that it provides that suit may be brought in another domicile.

Considered in any view, it becomes necessary to determine whether the last-mentioned provisions of the law repeal the former.

In our researches we took up the first leading case upon the subject, in which it was decided that a particular law is not repealed by a subsequent general law, unless the repugnance between the two is such that they cannot be complied with. De Armas' Case, 10 Mart. (O. S.) 172.

In the case before us for decision, either law can be complied with as originally intended by the lawmaker.

These laws are not dubious. They are not repugnant of each other, and they both can be executed—the former by special law of 1877, at domicile, as relates to defendant; and the other, the general law of 1888, authorizes suit as relates to all other companies at point of delivery.

The question of the repeal of special laws was considered in Bank of Louisiana v. Farrar, 1 La. Ann. 54.

It may be stated as an historical fact, pertinent to the issues of the cited cases, by the terms of the law (Code of 1808), the wife could bind herself for her husband's debt. The Code of 1825 repealed that law. Article 2412 was not contained in the Code of 1808, but was one of the amendments proposed by the commissioners in their projet to the Legislature. Bank of Louisiana v. Farrar, 1 La. Ann. 54.

The new Code of 1825 (new as relates to the Code of 1808) repealed the old law. The charter of the Bank of Louisiana incorporated in its terms the general law, made it special, and the wife was authorized to bind herself to the bank creditor for the payment of her husband's debt.

The charter was a legislative grant of 1824. The general repealing law was promulgated in 1825.

This court held that the general repealing law repealed the general law permitting married women to bind themselves as before mentioned, but that it none the less did not repeal the special law of 1824 to which we have before referred.

A similar question in principle was decided in Beridon v. Barbin, 13 La. Ann. 458.

The question was before this court in a case of a comparatively recent date, and nearly all of the decisions pertinent to the issue here were reviewed. We have avoided citing them again in our opinion (except the 1 La. Ann. case before cited). With said exception we cite only the decisions which escaped the attention of the energetic and able organ of the court in Welch v. Gossens, 51 La. Ann. 858, 25 South. 472, by whom the original opinion was handed down.

In the case to which we refer, section 2, Act No. 111, p. 145, of 1868, incorporating the town of Alexandria, was confidently relied upon by plaintiff.

Defendant sought to meet plaintiff's contention by averring that the act just cited had been repealed by the general law relating to election; that is, by the general Act No. 152, p. 266, of 1898. This general law provided that in all elections by the people the elected candidate is the one who receives the highest number of votes—that is, the one who receives the "plurality" of the votes—while on the other hand, provisions of the charter of the town of a prior date required a "majority" of all the votes cast. The plaintiff had received a "plurality," sufficient by the terms of the general law of 1898, but not a "majority," required by the charter of Alexandria adopted in 1888—a special law. Plaintiff in that case would have been decreed elected, if it had been decided that the general law was effective. Welch v. Gossens, 51 La. Ann. 858, 25 South. 472.

We should have mentioned before that in this cited case, as in the case before us for decision, the general law of 1898 contained the usual repealing clause, repealing all prior laws in conflict with the later general law. None the less, it was held that it did not repeal the special law to which we have before referred.

The court pertinently said in the cited case that the general law did not express the intention of the Legislature to take from the municipality a power which had been expressly conferred by its charter.

It may well be said here that the general law invoked by plaintiff to sustain jurisdiction did not express the intention of the Legislature to set aside the provision limiting suits to be brought in the city of New Orleans, the home of the company. In that case the 51 La. Ann., 25 South. Case there was a direct conflict between the two laws. It was "plurality" against "majority," yet the court held the former, being part of the general act, did not have the effect of amending the charter.

In one of the cases cited supra (1 La. Ann. 54) Judge Eustis, as the organ of the court, said:

"In Louisiana special laws form a larger portion of our legislation. It is one of the evils of the time. An effort was made in the late convention to place some restraint on what was felt to be an abuse of legislation. It failed, and special legislation is still a part of our system."

A similar effort was made in the convention of 1898. It did not entirely fail, as it resulted in the adoption of an article of the Constitution (275). The number of special acts since has been to some extent curtailed. Corporations are, in consequence, organized under a general act, and not under a special delegation of power; that is, a legislative charter, with the force and protection which the latter, the special legislative act, carries. Under the present laws charters are more readily within the reach of amendments.

But we are dealing with a special act of a date prior to the constitution of 1898. By the interpretation given in a number of decisions we are led to the conclusion that the special grant of power can be considered repealed only when the two, the special and the general law, are utterly irreconcilable—are contrary to each other.

It has always been held by this court that, the Legislature having already given its attention to a particular subject and provided for it, it is reasonably presumed not to intend to alter a special provision by a subsequent general enactment, unless that intention is manifested in the most explicit language, setting forth, either expressly or in effect, that the purpose is to repeal a special provision of a special law.

Years after the act of 1888, the act here in question, had become effective, this court held that defendant is exempt from suits outside of New Orleans, except for trespass. Payne v. Railroad Co., 43 La. Ann. 981, 10 South. 10.

This ruling was made in sustaining an exception to the court's jurisdiction.

True, it does not appear expressly that the act of 1888, in question, was referred to. We assume that it was.

It would be exceedingly exceptional if it escaped the attention of the learned members of the bar, counsel for plaintiff, and the court.

By the effect of well-established jurisprudence it only remains for us to affirm the rule nisi and make it perpetual.

For reasons assigned, the judgments of the magistrate's court and of the district court are avoided, annulled, and set aside, and the writs of certiorari and prohibition are made perpetual, at cost of plaintiff in all courts, and the action dismissed.