(46 South. 206.)

No. 17,046.

JOSEPHSON v. POWERS et al.
In re POWERS.

(April 13, 1908.)

JUDGMENT—CONCLUSIVENESS—SUMMARY PROCEEDINGS.

When, after hearing, a rule requiring a litigant, at whose instance the execution of a writ of seizure and sale has been enjoined, to show cause why the truth of his allegations should not be proved summarily, or the writ dissolved, has been made absolute, another application for injunction, which presents or might present the same grounds as the first, is made, such application is properly denied; and mandamus will not lie to compel the issuance of another injunction, nor will prohibition lie to restrain the trial court from proceeding to enforce execution of the writ of seizure and sale, still less when it appears that the execution of the judgment dissolving the first writ is suspended by appeal.

(Syllabus by the Court.)

Pauline Josephson claimed an order for executory process on a note in question, and Mrs. Ira A. Powers and others interposed exceptions. Judgment for plaintiff, and defendant obtained a suspensive appeal, and thereafter applied for writs of certiorari, mandamus, and prohibition. Writs denied.

Thompson Bulwer Walker and Benjamin Yehil Wolf, for relatrix. Respondent Judge, pro se. Benjamin Ory, for respondent Josephson.

### Statement of the Case.

MONROE, J. In May, 1907, relatrix instituted a suit (which fell to division A of the civil district court, being No. 82,762 of the docket) against J. Grossman Sons to have decreed null a certain promissory note, together with a mortgage purporting to secure the same, which had been executed by her, as she alleged, under duress imposed by her husband. In June following Miss Pauline Josephson obtained an order for executory process upon the note in question, and to the proceeding so instituted (which was allotted to division D) Mrs. Powers interposed.

certain exceptions, coupled with a prayer for an injunction, and she was given a hearing, after which there was an adverse judgment, and an appeal by her to this court, in which it was held (46 South. 441) that (quoting the syllabus of the opinion):

"Where, after the institution of a suit to annul a promissory note, issued by the plaintiff, together with the mortgage by which it is secured, upon grounds, verified by affidavit, which would authorize the issuance of an injunction against executory process to enforce payment of such note, the holder of the note causes executory process to issue from a division of the civil district court other than that in which the action of nullity is pending, the defendant in the writ is entitled, upon proper application to the judge of the division issuing the same, predicated upon the allegations made in the suit already pending, to such writ of injunction to hold matters in abeyance until said pending suit shall have been decided. Whether the executory proceedings, with the application for injunction, should not, under the circumstances, be transferred to the division in which the action of nullity is pending, is not now presented for decision."

And there was judgment reversing the judgment appealed from (which had denied the injunction prayed for by the present relatrix) and remanding the case for further proceedings.

It now appears that, while the appeal thus mentioned was pending in this court, to wit, on August 1, 1907, Mrs. Powers made another application (by means of a separate petition) to the judge of division D for an injunction, and that the writ was issued as prayed for; that thereafter (in February of this year) plaintiff in the seizure ruled her (Mrs. Powers) into court to show cause why she should not be compelled to prove summarily the truth of the facts alleged by her as grounds for the injunction, or why, otherwise, the injunction should not be dissolved; that the rule was tried, contradictorily with relatrix, with the result that there was judgment for plaintiff therein, dissolving the injunction and dismissing the application. The judgment so rendered was signed on March

_____
[1] Ante, p. 27.

16th, the day, as it happened, upon which this court handed down the opinion heretofore referred to, and in due time relatrix applied for and obtained a suspensive appeal, which was made returnable to this court on the first Monday of the current month, and, as we understand, has been or will be duly returned.

In the application now under consideration, which appears to have been filed in this court on March 18th, relatrix complains that the judge a quo declined on that day to issue another injunction similar to that which had been dissolved; that in the trial of the rule, which had just been made absolute, he had erred in his rulings upon the admissibility of evidence, and also in the final judgment, and that she will be obliged to appeal, unless he is prohibited from further proceeding. She therefore prays for a writ of mandamus to compel the granting of the injunction prayed for, and for a writ of prohibition to restrain further proceeding in the matter of the execution of the writ of seizure and sale, pending the final determination of the suit originally instituted by her.

### Opinion.

The application for injunction of August 1, 1907, was presented to, and heard and disposed of, by a court of competent jurisdiction, whose judgment was and is open to review on appeal. That being the case, the application of March 18th, presenting, in effect, the questions which had just been decided, was properly denied. The case does not, therefore, call for the issuance of either of the writs prayed for, and still less as the execution of the judgment dissolving the first injunction is now actually suspended by appeal.

This application is accordingly denied, at the costs of the relatrix.