Statement of the Case.
NICHOLLS, J.
The plaintiff alleges that she is the owner of certain property in Jeannerette, in the parish of Iberia, fronting on a street passage or highway commonly known and called “Buteau” or “Private street.” That she improved and built buildings which was obstructed (unobstructed) and used by all proprietors of .property fronting thereon, as well as the public generally for travel in vehicle and otherwise.
That at the time her improvements were made as aforesaid the said street was on a level with her lot, having a ditch of capacity sufficient to drain both her property and said tract.
That this condition of affairs existed until about one year and a half ago when the Morgan’s Louisiana, Texas Railroad & Steamship Company, a corporation created by and under the laws of the state of Louisiana, with its domicile in the city of New Orleans, state aforesaid, and whereof- of the parish of -, through its employés and agents acting under their authority, is president, wantonly, maliciously, trespassingly, and without any color of law or right, forcibly entered on said street and highway, excavated the dirt and with same or part of same made an embankment upon which they illegally and wrongfully constructed a railroad track of the standard gauge, consisting of cross-ties and rails to accommodate their freight cars and engines.
That she frequently protested and caused protests to be made against the building and construction of said railroad track immediately in front of her property without avail; that the said defendant company, through its employés and agents, continued in their unwarranted and unauthorized acts until its completion.
She shows that said defendant company through its agents and employés are using same in transporting over it cars of lumber for the Jeannerette Lumber & Shingle Company only, and for which purpose it is exclusively used.
That the said railroad track, built and constructed in the manner it is on said street and highway is an obstruction, inconvenience, *810 and dangerous to your petitioner in her use, enjoyment and travel of said street, as well as to that of the'public generally in that it prevents her free and unincumbered passage for vehicle or otherwise, as well as that of her friends and business persons, from going to and from her said property.
That said street over which said railroad passes is not one of the streets belonging to the town of Jeannerette, was never such, but on the contrary, was a private street left by the vendors of all properties fronting thereon for the use and benefit of the purchasers of lots fronting thereon, all of which was well known to the defendant at the time of the illegal and wrongful building and construction of said railroad track by its employes and managers acting under the direction of said company and for whose acts they are responsible.
That travel almost daily of the locomotive and cars is not only a constant annoyance to her and tenants, but a constant danger to body and limb of those passing thereon, because of the original narrowness of said street or highway, and the manner in which it is built; that said railroad track is laid and built in about the middle of said street, and is so built as to allow a passageway of only seven feet from the rails and her properties ; that before the building and construction of said railroad track the street was amply wide enough to afford travel and passage, free and unincumbered, from and to her property by both vehicle and travel otherwise.
That said railroad track constructed as aforesaid is at present an absolute bar and hindrance to the entrance to and from her property; that she has by reason thereof lost large amounts in the shape of rents, due exclusively to the fact that said railroad track has absorbed said street and rendered impassable except for its own purpose the use and utility thereof; that the said defendants knew at the time they built said railroad track that they were trespassing thereon and were as they are not (now) trespassers.
That by reason of the said trespass, the defendants, in utter disregard to her real rights of property as well as her real property rights, have, by reason of said trespass, virtually taken from her and the other owners of property fronting on said street, the use, enjoyment, and possession thereof, and have also deteriorated the value thereof, to such an extent as to render her property almost valueless for sale as a home • or otherwise; that said street or highway has always been a private avenue left open by prior vendors for a body of land for the private use, enjoyment, and possession of those who bought lots fronting thereon, among whom was your petitioner.
That in the construction and building of said railroad track and embankment, the defendant company has and is now committing a trespass of the most flagrant and illegal character upon her personal rights and real property and real rights of property by erecting and building, without any color of law or authority, said railroad track and its embankments; that by so doing the said defendant company has rendered said private street absolutely useless to herself and to her property rights as well as to those of all others whose property fronts thereon; that the legal use and occupancy of said street by the said defendant company virtually cuts her off from every free and easy avenue of ingress and egfess to and from her property.
That for reasons assigned herein the acts of the defendant company have caused her and her property, and are still causing her and her property, irreparable injury,' wrong, and damage not compensable in money; and that writs of injunction are necessary in the premises to protect her home and property from the further depredations and daily illegal and gross infringement of the defend *812 ants upon her personal and real rights of property.
That, for reasons stated, defendant company, by its utter and gross violation of the rights of your petitioner have already caused her damages, actual, exemplary, and punitory, in the sum of $5,000 for which the said company is liable and responsible to your petitioner ; and that the said defendant will continue to cause her damages unless restricted by writs of injunction.
That she would have resorted to law at the beginning of this trespass as alleged and at the time she made her protests, but did not then have the means to conduct same, and that while she is in no better condition now, yet she feels that on account of continuous and increasing depredations and trespasses upon her property and real rights of property she is compelled notwithstanding her necessities to ask of the law for redress.
That the said railroad track as now constructed causing the annoyance, inconvenience, danger, and the absolute obstruction of the Buteaud or Private street to the use of your petitioner for her property, her tenants, and the public generally is not only a nuisance and should be so decreed, but defendants should be ordered to remove same from said street, together with all its appliances and approaches, and to restore the same to its original condition, because the said defendants are trespassers thereon, and have no legal right to entirely monopolize and block with their cars and locomotives the said Buteaud or Private street, and no legal rights to possess and occupy, same.
That on account of the injury and damage occasioned her property for reasons stated it has deteriorated in value at least $2,000 and that it was worth previous to the outrageous and lawless acts and conduct' of defendant company, at least $5,000.
In view of the premises, and especially reserving her right to file an amended and supplemental petition enjoining and prohibiting the said defendant from using, occupying, and possessing the said street, your petitioner prayed that the Morgan’s Louisiana & Texas Railroad & Steamship Company be cited, and that the said defendant company be adjudged trespassers, ordered to remove from said Buteaud or Private street the said railroad track and embankment, and restoring same to its original condition and use; that the same be condemned a nuisance, ordered torn away.
That petitioner have judgment against the said defendant company in actual, punitory, and exemplary damages in the sum of $5,000, with legal interest from judicial demand until paid. And for costs and general relief, etc.
Defendant excepted to plaintiff’s petition on the ground that it is a corporation domiciled in the city of New Orleans and that the court was without jurisdiction ratione personae. It prayed that the petition be dismissed.
On the trial defendant offered in evidence certified copy of minutes of town council of Jeannerette -of date April 6, 1904, showing petition of defendant company to the town authorities for a right of way on Mill street, and the consent of property owners of the said street.
This offering was objected to by plaintiff on the ground that this is a declinatory exception declining the jurisdiction of the court on the face of papers, and that no extraneous evidence could be offered before the exception proper was being tried. The said document being offered before exception was taken up, and as the case has just been called by the court and further on the grounds as announced in our Supreme Court an exception of want of production (jurisdiction) ratione personse must be altogether disembarrassed by other averments of facts which have the slightest tendency of indicating a *814 joining of issue is conjointly tendered or if in any way the averments of the petition were ■crossed this exception must fall.
The objection was overruled.
To which ruling of the court counsel for plaintiff excepted and noted the same in lieu ■of a bill of exception.
The following was the testimony objected to:
“Copy of minutes of city council of Jeannerette as recorded in the books of secretary of meeting held April 6, 1904. Council in regular session, his honor Jos. E. Moore, presiding, and all councilmen present. Petition from the Morgan’s La. & Texas Railroad & Steamship Co. read and ordered spread upon the minutes, and the privilege granted.
“[Signed] H. L. Smith, Secretary.
“[Signed] Jos. F. Moore, Mayor.”
Petition referred to -is as follows:
“To the Hon. the Mayor and Board of Aider-men of the Town of Jeannerette.
“Dear Sirs: The Morgan’s Louisiana & Texas Railroad & Steamship Co. find it desirable to extend their switches in your town for the purpose of furnishing greater facilities in the ■disposition of freight received from said town as well as shipped thereto; and, for the purpose of facilitating them in the transaction of their affairs as public carriers in their relations with the citizens of your community, beg leave to request of the town council, represented by your mayor and board of trustees, a right of way across Mill street, and through that other street commonly known under the name of ■‘Private’ street which proposed right of way, in so far as it affects the streets referred to, as well as the whole extension, is so shown on the sketch hereto and made part hereof for reference.
“Your petitioner represents that it should be given this additional facility as a benefit not only to itself but to your community which would not be affected other than advantageously, inasmuch as the streets through and over which this right of way is sought are not burdened with any extensive traffic, and the construction of said switch through and over these streets will be and remain under the direction of the city council to the extent that it will not interfere with or incommode to any serious extent the ordinary use of said streets.
“Respectfully, [Signed] W. E. Owen, Supt.”
The court sustained the exception and dismissed the suit. Plaintiff has appealed.
Opinion.
In the reasons assigned by the district judge for sustaining the exceptions, he says:
“It is hardly possible to conceive that an entry such as is alleged in the petition and the use and occupation during the long period appearing thereby, in the absence of any resort to law, by the plaintiff to prevent or remove it, can be construed as a violent entry, an unauthorized entry, or, in other words, a trespass. The silence of plaintiff during that time, coupled with the fact of the uninterrupted occupancy, places it in another light before the court, and is of reason for having more readily admitted proof of that authorization to enter and use the street granted by the city of Jeannerette to the defendant company.
“Inasmuch as the main question is. that of trespass vel non the court more correctly ascertained that fact by admitting the proof offered on that subject.
“Considering the resolution and privilege offered by defendant in support of the exception, coupled with the general nature of the demand, the entry and possession of that street by the company was not accompanied by violence, nor through the commission of a wrong, tort, or illegal act. On the contrary it was by permission and grant of the constituted authorities of the city of Jeannerette. Such an entry cannot be treated as wanton, malicious, and illegal and tortious, and the corporation sued as a trespasser at the place where the injury is alleged to have been sustained. Payne v. Morgan’s L. & T. R. & S. S. Co., 43 La. Ann. 981, 10 South. 10; St. Julien v. Same, 39 La. Ann. 1084, 3 South. 280; Knoop v. Blaffer, 39 La. Ann. 29, 6 South. 9; New Orleans v. Southern Bank, 31 La. Ann. 560.
“Section 12 of the company’s charter exempts it from suit out of its domicile, fixed in the city of New Orleans except in cases of trespass.
“There being no trespass committed by the company it cannot be sued here. Hayes v. Morgan’s L. & T. R. & S. S. Co., 117 La. 594. 42 South. 150; Gossin v. Williams, 36 La. Ann. 187. The exception is maintained, and plaintiff’s suit dismissed at her costs.”
The case is before us from a judgment sustaining an exception ratione personae filed by the defendant to the jurisdiction of the district court, and not from a judgment sustaining an exception of prescription or “no cause of action.” Appellant contends that the exception should have been disposed of on the face of the papers, and that the court erred in allowing the defendant to introduce evidence in support of its exception. She *816 maintains that the evidence introduced was evidence which was properly admissible only upon a trial on the merits; that the very issue or subject-matter before the court for decision is whether or not the defendant’s acts are a continuing nuisance and trespass affecting her property which she is entitled to have abated by suit in the district court for the parish where the nuisance is now existing and affecting her real property there situated; that whether or not the defendant corporation is properly chargeable with committing a nuisance is an issue involving a matter both of fact and of law, and can be disposed of and decided only after a hearing on the merits; that, assuming that a municipal corporation has granted to a railroad corporation the privilege of laying tracks upon a street, that fact does not close the question as to whether the railroad corporation may not be committing a nuisance and trespass.
The language of the exception filed by the defendant is simply that “it is a corporation domiciled in the city of New Orleans, and the court was without jurisdiction ratione personas.” It makes no reference to its charter or any rights conferred upon it therein to be sued outside of the parish, of its domicile only in cases of trespass; it makes no reference to the character of the action then being brought against it by the plaintiff nor to the fact that any privilege had been granted to it by the authorities of the town of Jeannerette. Plaintiff in her petition made no reference to such a privilege having been granted. In order to disclose to the court the grounds upon which defendant depended it was necessary that evidence be offered and introduced in limine de hors the pleadings. The exception filed could scarcely be styled an exception to the jurisdiction of the court ratione personae.
If defendant was entitled to exemption from suit it was not simply by reason of its domicile but by reason of the character of the suit which was brought against it. Plaintiff’s claim is that defendant’s course entitles it to institute against it an action of trespass; that its action is either a trespass strictly such or what is known as a “trespass upon the case.” State ex rel. Morgan’s La. & Texas & R. R. Co. v. Judge, 33 La. Ann. 954. On the face of plaintiff’s petition, it is one or the other. Whether this claim be well founded or not can only be ascertained when all the facts of the case are before the court and all of such facts can be ascertained only after a full hearing. If the facts shown do not disclose a case of trespass proper or “trespass on the case,” plaintiff will take nothing under her demand. It can be then dismissed as one not coming under the jurisdiction of the court. Josephson v. Powers, 46 South. 206, ante, p. 190.
The court should have rejected the evidence offered by the defendant. It erred in sustaining defendant’s exception and dismissing plaintiff’s demand. For the reason herein assigned it is hereby ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and'that defendant’s exception be overruled without prejudice to its rights to except later to the jurisdiction of the court.
MONROE, J., dissents.