**M. L. & T. R. R. & S. S. CO. v. FRIEDMAN ET AL.**

—

(June 10, 1929. Opinion and Decree.)

—

John E. Fleury, of New Orleans, attorney for plaintiff, appellant.

C. A. Buchler, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. This is a suit by a railroad company for the expropriation of certain property belonging to the defendants, situated in the 'Parish of St. Charles, for use as additional depot facilities at Boutte Station. An exception of no cause of action was maintained by the judge, a quo, and plaintiff has appealed.

The petition alleges that plaintiff was a common carrier, organized and chartered by Act 37 of 1877, as amended by Act 12 of 1879; that it operates a railroad from the City of New Orleans to several parishes; that it desires to construct loading and unloading platforms and other buildings, as are necessary to increase its railroad facilities at Boutte Station, and, that in order to do so, it is necessary that it acquire the certain tract of land described in its petition and belonging to defendants; that it has been unable to obtain the desired property by private sale for the reason that the defendants have steadfastly refused to accept a reasonable sum for the said property, which it desires to expropriate; that it desires to obtain an order of court appointing commissioners and appraisers in accordance with the provisions of the Acts of 1877 and 1879, referred to.

The exception of no cause of action is addressed to the form of the proceeding, it being contended that Act 37 of 1877 is in derogation of common right and must be strictly construed, and that it has been superseded by the general expropriation law, with the provisions of which, plaintiff's petition does not comply.

It is stated that the Act of 1877 and the amendment of 1879 plainly show that the purpose of incorporating the plaintiff company was to authorize it "to construct, build and thereafter to own and maintain and use a railroad * * * to run from or near Morgan City, La., to such point on the Sabine River in Louisiana, south of the thirty-first parallel, to be selected by the Board of Directors" and "to own, maintain, and run the road now completed between New Orleans and Morgan City; together with all its franchises, immunities, privileges and rights"; that the railroad referred to, as completed, was the New Orleans, Opelousas and Great Western Railroad, chartered under Act 149 of 1853, for the purpose of constructing a railroad from Algiers to Bayou Lafourche, to Berwick Bay, through the Parish of St. Landry near the town of Washington to the Sabine River to El Paso, in the State of Texas; that the charter of the New Orleans, Opelousas and Great Western Railroad Company made no particular mention of the right to expropriate private property, and that, therefore, since the plaintiff company was only authorized to purchase the then existing railroad, it can have no greater rights than the original company, consequently it must expropriate under, and in compliance with, the provisions of the general expropriation law.

The purpose of Act 37 of 1877 as declared in its title was "to incorporate the Morgan's Louisiana and Texas Railroad and Steamship Company * * * to declare and to define the power and liability of said Company; to grant the right to authorize the expropriation of land; * * * and to vest in said company the right to exercise all powers incidental to and necessary for the building and maintenance of railroads to the State of Texas, and in Northern Louisiana and Arkansas."

Section 5 of the Act describes the objects and purposes for which the corporation is organized, and for which power is granted for the accomplishment, to be quite varied, requiring thirteen separate paragraphs for statement. Paragraph 10 provides that one of the objects shall be "to purchase or lease from any railroad company or corporation, any railroad, charter, franchises, property and appurtenances thereof, and maintain and use the same as a part of the property of this company."

We find no basis for the argument that the powers conferred upon the Morgan's Louisiana & Texas Railroad & Steamship Company are limited to those granted to the New Orleans, Opelousas and Great Western Railroad, under the Act of 1853.

Act 12 of 1879 amended Sections 6, 20 and 28 of Act 37 of 1877. Section 20 of the Act of 1877 amended by this act, dealt with the subject of expropriation, but the amendment is of no importance here.

In Hayes vs. M. L. & T. R. R. & S. S. Co., 117 La. 953, 42 So. 150, where it was contended that Section 12 of Act 37 of 1877, which provided that the plaintiff railroad could only be sued at New Orleans, the domicile fixed in said act, was repealed by Act 93 of 1898, providing that all public carriers might be sued for damages for failure to deliver freight, either at the point of delivery or at the domicile of plaintiff, at plaintiff's option, the Su-

preme Court held that the special provisions of Section 12 of the Act of 1877 had not been repealed by the general provisions of the Act of 1898. See State vs. Capdeville, 140 La. 246, 72 So. 946.

We have not been referred to any act which repeals the provisions of Act 37 of 1877 or Act 12 of 1879, upon which this suit is based, consequently those provisions have still the force of law. The petition of plaintiff drawn in accordance with the provisions of the statute referred to, in our opinion, presents a cause of action, consequently we believe that the trial court has erred in maintaining the exception.

For the reasons assigned the judgment appealed from is reversed, the exception of no cause of action is overruled and this case is remanded for further proceedings according to law and consistent with the views herein expressed.