**MOORE et ux. v. PAYNE et al.**

District Court, W. D. Louisiana, Monroe Division.   July 10, 1929.

No. 1755.

"An act providing for civil process against nonresidents in cases arising out of the operation of motor vehicles within the state of Louisiana.

"Section 1. * * * That the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized chauffeur of a motor vehicle on the said highway, other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the secretary of the state of Louisiana, or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful processes in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized chauffeur; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally."

"Sec. 2. The service of such process shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon said non-resident: Provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said non-resident. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

J. Norman Coon, Theus, Grisham & Davis, and Thos. W. Leigh, all of Monroe, La., for plaintiffs.

Thatcher, Browne, Porteous & Myers, of Shreveport, La., for defendants.

DAWKINS, District Judge. This suit was filed in the state court for Franklin parish, Louisiana, but was removed here upon the ground of diverse citizenship. It is an action in damages for the alleged negligent killing of petitioners' son by defendants, while operating an automobile over the highways of this state. The matter is now before the court on an exception to the jurisdiction rationæ personæ.

Plaintiffs seek to avail themselves of the provisions of Act No. 86 of the Legislature of 1928 with respect to the filing and service of such actions against nonresidents who operate motor vehicles on the highways of Louisiana. The act reads as follows:

Defendants, who are residents of the state of Arkansas, assail the validity of the statute under the federal Constitution, on the ground that to permit them to be sued in this manner would have the effect of denying them equal protection of the law and amount to a taking of their property without due process. In a supplemental plea they also alleged that the act is invalid under the provision of section 16 of article 3 of the Constitution of Louisiana of 1921, in

that the title is not indicative of its object; that it (the title) is vague, meaningless and furnishes no notice of the provisions of its body; that the act is "revolutionary in the extreme and attempts to change the law of the state with reference to suits against nonresidents which had existed for more than one hundred years"; and, further, that if it should be held that this suit was properly brought under the act in question then it should have been instituted at the domicile of the secretary of state, who is made the party upon whom process shall be served as the representative of the defendant, otherwise it would violate the "equality clause" of the federal Constitution, in that it would discriminate between residents and nonresidents of the state.

■■ I shall take up first the contention that the act is violative of the state Constitution. Section 16, art. 3, Const. 1921, provides: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

In argument and brief it is said that the word "process" does not necessarily include an action in damages, such as this, nor does it indicate that in the body one who uses the highways is deemed to appoint the secretary of state his agent for the service of process and as a condition to such use is required to waive the right to due process of law. According to Bouvier, "process is so denominated because it proceeds, or issues forth, in order to bring a defendant into court to answer the charge preferred against him, and signifies the writ or judicial means by which he is brought to answer." See, also, Cyc. vol. 32, p. 419, verbo "Process"; Fitzpatrick v. City of New Orleans, 27 La. Ann. 457. This was the main purpose of the act; that is, to provide a means for bringing into court those nonresidents against whom a cause of action might arise from the operation of motor vehicles within the state. Naturally it would seem that one reading the title would know that some means to that end was provided, and I think afforded sufficient notice to put him on guard to inquire from the body of the act as to the manner in which it was done. It has been frequently held by the courts of this state that the constitutional provision in question does not require that the title shall describe its whole contents, but is sufficient if it fairly indicates its general object and purpose in such way as to inform first, the members of the Legislature thereof when read by title of its object; and, secondly, to afford reasonable notice to the general public. In this instance

I believe this end was reasonably met. Having been informed by the title that its purpose was to bring a nonresident into court for causes of action arising out of the operation of motor vehicles in the state, one interested could readily see that it included such operations only upon the highways of the state. Board of Medical Examiners v. Fowler, 50 La. Ann. 1358, 24 So. 809; Thornhill v. Wear, 131 La. 479, 59 So. 909; State v. Walters, 135 La. 1070, 66 So. 364; State v. Lahiff, 144 La. 362, 80 So. 590.

■ As to the charge that it discriminates between residents and nonresidents, in that the former has the right to insist that he be sued in the parish of his domicile, while in this case the action may be brought in a district of the state other than that of the residence of the statutory agent for the service of process—i. e., the secretary of state—it is sufficient to say that the act does not attempt to fix the venue of suits arising thereunder. This is done by other provisions of the state law of procedure, to wit, article 165 of the Code of Practice, La., which, inter alia, declares:

"9. *Trespass.* In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

The rule of the article just quoted applies equally to residents and nonresidents, in so far as causes arising out of active torts are concerned.

■ Passing now to the alleged invalidity under the federal Constitution, the specific provisions relied upon are not mentioned in the plea, but I take it that, since the grounds set forth are the taking of property without due process and the denial of equal protection of the law, the pleader has reference to the Fifth and Fourteenth Amendments. Defendant complains that, although the act makes the secretary of state the agent for service of process on the nonresident, it does not require that officer to inform the defendant of the fact that he had been sued. It does, however, require the plaintiff either to send by registered mail a copy of the petition and citation to the defendant, whose return receipt therefor must be filed in the case before judgment, or to actually deliver copies thereof to the defendant, and support that fact by the affidavit of the party mak-

ing delivery, which must also be filed with the record before judgment, and the court in either instance may grant such continuances as are necessary to insure "defendant reasonable opportunity to defend the action."

In two recent cases the Supreme Court of the United States has considered the statutes of other states having the same purposes as the one in this case. Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; and Wuchter v. Pizzuti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230. In each of these the court has recognized the right of the state under its police power to regulate the use of its highways by nonresidents, in such way as to give to its own citizens, as well as others, protection against those who would wantonly abuse that privilege, and has indicated that wherever such provisions are reasonably calculated to afford an opportunity to be heard, such nonresident may be brought into local tribunals to answer for their faults. In the first case, a statute of Massachusetts similar to the one in this cause was upheld, the only difference being that the plaintiff was required to file with his declaration the return receipt of the defendant, verified by oath of the petitioner that he had complied with the act; whereas, under the present statute, the procedure is as above stated.

It is argued that the Louisiana statute does not require the filing of an affidavit of compliance, and a dishonest plaintiff might mail a blank piece of paper to the defendant and file his return receipt therefor in the record. However, I think this presumes too much upon the laxity of the court before whom such a suit might be pending. We cannot assume that it would fail to hold the defendant, before permitting a judgment to be taken, to a showing that its terms had been complied with by proper proof of the mailing of the actual process. The courts cannot prescribe the language of such laws, but are confined to the duty of determining whether or not they reasonably insure due process, which, of course, would not exist if defendant did not receive notice of the pendency of such a suit.

In the case of Wuchter v. Pizzuti, supra, the act merely made the state officer the agent of the nonresident using the highway, without requiring him to give notice to such defendant of the pendency of the suit, or that the petitioner should provide the court with evidence of such actual knowledge in the manner laid down in Hess v. Pawloski. Hence the court held the statute invalid be-

cause it did not provide a means by which a defendant would receive actual knowledge of the pendency of the suit against him.

I am of the opinion that the safeguards of the statute in the case now under consideration are reasonably sufficient to afford due process of law. The exception, will therefore be overruled, reserving to defendants all rights to except or otherwise plead at the next regular term of this court.