**DUNCAN v. ASHWANDER et al.**

No. 2638.

District Court, W. D. Louisiana, Monroe Division.

Sept. 2, 1936.

Hudson, Potts & Bernstein, of Monroe, La., for plaintiff.

W. A. Walker, Jr., of Monroe, La., and John C. Hollingsworth, of New Orleans. La., for defendants.

DAWKINS, District Judge.

This action for damages for personal injuries was brought in the state court by a resident and citizen of this state, originally against George Ashwander, a citizen of Alabama, and the Commercial Casualty Company (hereinafter called the Casualty Company), a New Jersey corporation, insurer under a public liability policy issued to Ashwander. Jurisdiction was claimed under the provisions of the Acts of the Louisiana Legislature, No. 86 of 1928 and No. 184 of 1932 (amending section 1 of act of 1928) authorizing suits against nonresidents for damages "growing out of any accident or collision in which said nonresident may be involved" on the highways of the state, and providing for service through the secretary of state, who in turn is required to send the process to the defendant by registered mail.

Exception to the jurisdiction was filed by the Casualty Company and evidence taken in Alabama to show that an action would not lie against it under the law of that state until a judgment had first been obtained against its insured. Thereafter, and before the exception had been submitted, plaintiff amended his petition by making Ralph Ashwander, the sixteen year old son, an individual defendant, as the driver of the automobile of his father. On October 7, 1935, the exception to the ju-

risdiction was tried and submitted, it being agreed that Ralph Ashwander was a minor, sixteen years of age, both of whose parents were living, while depositions and documentary evidence were likewise offered. On October 18th plaintiff filed a second amended petition, attempting to bring the said minor into court through his father, as natural tutor, administrator, or guardian. On November 12, 1935, exceptions of no cause of action and to the jurisdiction were filed by defendant George Ashwander, both in his own behalf and for his said son, as well as pleas of minority and misjoinder. The Casualty Company also filed exceptions to the jurisdiction rationæ personæ et materiæ, and, in the alternative, attacked the constitutionality of the Louisiana statutes. Subsequently, all exceptions and pleas were orally argued and submitted on briefs.

The pleas and exceptions will be disposed of in the order as they affect the rights of Ashwander, his son, and the Casualty Company.

1. Exceptions of George Ashwander. The first appearance by this defendant after· removal of the case to this court was by exceptions rationæ personæ and rationæ materiæ, in which he alleged that he is a resident, citizen and domiciled in the state of Alabama, and likewise "a citizen of the United States," whose right to travel in the state of Louisiana, free from conditions imposed by state laws, are protected by the provisions of section 2, art. 4, the Fifth and Fourteenth Amendments of the Constitution of the United States, and section 2, art. 1, of the Constitution of Louisiana. In the alternative, that the attempt to bring him into the courts of this state by service upon the secretary of state was illegal, and he pleaded specially that the Act No. 156 of the Louisiana Legislature of 1934 repealed the provisions of Acts Nos. 86 of 1928 and 184 of 1932. Further, in the alternative, defendant pleaded the unconstitutionality of said acts of 1928 and 1932 under the provisions of the Federal and State Constitutions, above recited.

Subsequently George Ashwander filed separate exceptions to each of the amended petitions, in which he substantially reiterated the grounds pleaded in the first exception and, in addition, that the attempted citation of Ralph Ashwander, his father, "is violative of George Ashwander individually and as father of Ralph Ash-wander's constitutional privileges above set forth, and exceptor, George Ashwander, admittedly was not operating said automobile at the time set forth in plaintiff's petition, nor was it being operated by his chauffeur, or authorized employee of George Ashwander, nor was Ralph Ashwander suable in the State of Louisiana by the laws of Alabama, and under his constitutional protection and privileges suable through George Ashwander on account of any accidental injuries occurring in the State of Louisiana," etc.

The pertinent provisions of the Act No. 86 of the Louisiana Legislature of 1928 are quoted in the opinion of this court in the case of Moore v. Payne et al. (D.C.) 35 F.(2d) 232. The only change made by the Act No. 184 of 1932 was to substitute the word "employee" for "chauffeur," for the reason the state court had held a nonresident employer could not be sued for injury or damage caused by a traveling salesman operating a car in the course of his employer's business over the Louisiana highways, since he was not a chauffeur within the meaning of the act of 1928.

As to the contention that the Act No. 156 of 1934 repealed the provisions of the two earlier statutes above referred to, it is sufficient to say that it is a settled rule of law that general statutes do not repeal special acts, unless the purpose to do so is clear and unmistakable. 59 C.J. pp. 931 et seq., and 936; In re Morgan's Louisiana & Texas R. & S. S. Co., 117 La. 593, 42 So. 150; Welch v. Gossens, 51 La.Ann. 852, 25 So. 472; State v. Labatut, 39 La.Ann. 513, 516, 2 So. 550; Beridon v. Barbin, 13 La.Ann. 458; Loisel v. Mortimer (C.C.A.) 277 F. 882. The act of 1934 was an amendment of article 165 of the State Code of Practice, dealing with service of process generally; whereas the acts of 1928 and 1932 deal with the special subject of a remedy against nonresidents, who cause injury or damage through the operation of motor vehicles on the highways of the state. There is no inconsistency or conflict and each can operate as efficiently as they did before the amendment of the codal provision.

I do not deem it necessary to repeat what was said in Moore v. Payne, supra, as to the constitutionality of this legislation. The doctrine announced there has since again been upheld by the Supreme Court in Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097.

Counsel for defendants has cited and quoted at length from the case of Colgate v. Harvey, 296 U.S. 404, 56 S.Ct. 252, 80 L.Ed. 299, 102 A.L.R. 54. I cannot see the pertinency of this case, which deals with the subject of income taxes and in no way affects the holdings by the Supreme Court in the cases cited in Moore v. Payne.

■ It is also contended, as the basis of the exception of no cause of action, that the facts alleged do not bring George Ashwander within the provisions of the state statute, in that the amendment of 1932 applies only if the car is driven by the owner or his "authorized employee," and in this instance it was driven by Ashwander's minor son, who was not employed as chauffeur or agent. The petition as amended discloses that Ashwander was riding in his car, with his son driving, and presumably on the former's mission or business, and I think his presence and consenting, if he did not actually direct his son to drive, was in law an operation by himself; or, in any event, the son was an authorized agent within the meaning of the statute. It was not necessary that the son be paid a salary. If, unable or not preferring to drive myself, I induce another to go along and perform that service in carrying me on my journey, either as an accommodation or because of his desire to also make the trip, he thereby does so with my authority and in law as my agent. My view is that the allegations of the complaint are sufficient to state a cause of action on this score against George Ashwander.

■ 2. As to Ralph Ashwander. The first question arising as to this defendant is the one of allowing the amendment making him a party defendant. The amendment was sought before issue joined and does not change the nature or substance of the cause of action, but merely attempts to add another alleged joint tort-feasor as a defendant. Amendments are favored both in the state and federal practice where no prejudice or disadvantage is suffered by the opposing side, in order that all issues may be settled in a single suit. See Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193; Gibbs v. Southern Carbon Co. (La.App.) 154 So. 380; Faulkner v. Milner-Fuller, Inc. (La.App.) 154 So. 507; Mims v. Reid (C.C.A.) 275 F. 177; Oliver v. Raymond (C.C.) 108 F. 927. Counsel for exceptor relies upon the case of Garland v. Kenne, 18 La.App. 652, 139

So. 54, for the proposition that the amendment seeking to bring the minor son in through his father cannot be allowed. As pointed out by counsel for the plaintiff, the suit was originally against the individual as to whom a plea of minority was sustained, and it was then attempted to amend the complaint by substituting the father as defendant in place of the son, not as tutor or guardian, but under a codal provision which makes the father liable for torts of his minor children. It was held by the Court of Appeals for the parish of Orleans that this could not be done, as it would result in an entirely new suit against a distinct juridical entity. In that case the first petition was an effort to hold the minor liable for his own tort, the plaintiff evidently not knowing him to be under age, and hence not bringing him in through his legal representative, to wit, his father. The plea of minority was sustained no doubt on the mere proof of defendant's age; it was then sought to substitute the father and to hold him personally liable under the article of the Code (Civ.Code, art. 237) fixing that liability by virtue of relationship, and not because of any act or fault of his own. The court called attention specifically to the fact that "the father is not sued as the tutor of his minor son, but directly and personally," and in the earlier decision of the Supreme Court of the state cited in the Garland Case, it was said: "It is true, parties, are often added by leave of the court—but this is very different from substituting a new plaintiff in the room of the original one." Curacel v. Coulon, 2 Mart.(O.S.) (La.) 143.

Thus both the decision relied on by the present defendants and the one cited therein indicate rather clearly that if, as here, the effort had been to bring the same defendant in by proper representation, or to add other persons because of liability growing out of the same transaction, the amendment would have been allowed.

3. As to the Casualty Company. The exceptions of this defendant, in my opinion, raise the most serious issues in this case. The principal contention is that the contract was made in Alabama, whose laws do not impose a solidary liability upon the insurer with the insured, permitting a single action originally against them, but that both by the law of that state and the terms of the policy contract a complainant seeking relief for obligations covered

thereby must first obtain a judgment against the insured and then bring his action against the insurer. On the other hand, plaintiff contends that the policy clearly shows it was intended to operate and be performed anywhere in the United States or Canada, where the conditions insured against arose; and that it expressly provides any stipulation therein in conflict with or contrary to the laws of the state or province where the liability arises shall be considered as not written, and the law of such forum shall apply. It appears to be conceded that the law of Alabama is as contended by the defendant; that is there is no statute entitling the plaintiff to sue the insurer in advance of obtaining a judgment against the insured, which would make ineffective the provision of the policy in that respect. The clause relied upon by the defendant is paragraph C of the conditions, which is quoted, as follows:

"Insolvency or Bankruptcy of Assured: The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her representative against this Company under the terms of this policy, for the amount of the judgment in the said action not exceeding the amount of this policy."

Conceding, for the purpose of the present discussion, that this provision precludes the bringing in Alabama of a suit against the insurer until a return nulla bona is had upon execution of a judgment against the assured, it would seem that the policy was intended to cover the liability of Ashwander as well as the "additional assured" (which includes his son), anywhere in the United States or Canada, for in the "exclusions" it is provided:

"7. Accidents occurring while any of the insured automobiles are being maintained or used beyond the limits of the United States of America or the Dominion of Canada."

And in section N of the conditions found on the second page appears the following provision:

"N. Conflicting Statutory Provisions, If any condition of this policy relating to the limitation of time for notice of accident or for any legal proceeding is at variance with any specific statutory provision in the State in which the accident occurs, such specific statutory provision shall be substituted for such condition."

From these stipulations it seems to have been the intention of the parties to make a contract to have effect anywhere within the limitations of the policy, and which was not made or intended to be with reference to or governed exclusively by the laws of Alabama, but that accidents might happen in any of the States of the Union or the Dominion of Canada, and, in event of conflict of any provision of the policy with the laws of any state or province, the latter should govern. This is quite different to a contract made and to be performed solely within a given state, and it was evidently intended that accidents might happen and suits be brought outside of Alabama. Stephenson v. List Laundry & Dry Cleaners et al., 182 La. 383, 162· So.· 19, and authorities therein cited.

My conclusion is that all of the pleas and exceptions should be overruled.

Proper decree may be presented.