### HUDSON v. GEORGIA CASUALTY CO. et al.

No. 2082.

District Court, W. D. Louisiana, Monroe Division.

Feb. 12, 1932.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for plaintiff.

Madison & Madison, of Monroe, La., Jackson & Smith, of Shreveport, La., and Harry McCall and Denegre, Leovy & Chaffe, all of New Orleans, La., for defendants.

DAWKINS, District Judge.

Plaintiff filed this suit in the state court for the purpose of collecting from the defendant Georgia Casualty Company, to whose liabilities the Public Indemnity Company, a New Jersey corporation, has succeeded, as the insurer of George A. Schlosser, a citizen of this district and state, the amount of a judgment, interest, and costs previously obtained against the latter for injuries received in an automobile accident near Monticello, Ark. He alleges that the judgment, rendered on the 22d day of June, 1931, was for the sum of $7,077.65, and is now final as to Schlosser; that execution has been issued thereon and returned nulla bona; that the defendant in the present suit had insured the said Schlosser against liability for injuries to others, and that the said policy was in force when the accident happened; that defendants acknowledged the validity of said policy, took charge of and conducted the defense of the suit in which the judgment was rendered in the state court; that, after its rendition, petitioner is informed that the defendants notified Schlosser that all liability under the policy was denied and no appeal was taken therefrom. Further, that the defendant Public Indemnity Company is a nonresident corporation, duly authorized to do business in this state, has appointed the secretary of state as agent for service of process; that the American Surety Company of New York is the surety on the bond which was required to be filed with the secretary of state in qualifying to do business here; that the said American Surety Company has likewise complied with the laws of Louisiana and designated the secretary of state as its agent for service of legal process; and that petitioner is informed the said bond was for the sum of $50,000. He prays for judgment in the full amount rendered against Schlosser in the state court, interest, and costs.

Defendant filed an exception of no cause of action, a plea to the jurisdiction, and, in the alternative, an exception to the venue.

In brief, counsel for defendants state their position as follows:

"First: Service of process upon this defendant, a foreign corporation, through the Secretary of State of Louisiana, confers no jurisdiction in a suit for damages on account of personal injuries arising outside of the state, the appointment of the Secretary of State as agent for service of process being limited by law to causes of action arising in Louisiana."

"Second: In the alternative, in the event the Court should hold that this defendant is amenable to suit within the borders of the state on a cause of action arising outside of the state, there is no law in Louisiana that gives the Fourth Judicial District Court in the Parish of Ouachita jurisdiction of a suit for damages on account of personal injuries sustained in Arkansas and this defendant could only be sued in such case at its Louisiana domicile in the Parish of East Baton Rouge."

I believe that all of the issues involved herein, except the point that the accident from which the injury resulted happened outside the state, have been decided adversely to the contention of the defendants by the courts of Louisiana. See Lawrason v. Owners' Automobile Insurance Co., 172 La. 1075, 136 So. 57; Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Co., 18 La. App. 725, 138 So. 183. Those issues require the interpretation of state statutes, and this court is bound thereby, except in so far as any provision of the Federal Constitution may be involved. It has been repeatedly held that statutes providing for service of process upon foreign corporations who come into the state to do business, if reasonable, afford due process. Lafayette Insur-

ance Co. v. French, 18 How. 404, 15 L. Ed. 451; St. Clair v. Cox, 106 U. S. 356, 1 S. Ct. 354, 27 L. Ed. 222; New England Life Insurance Co. v. Woodworth, 111 U. S. 138, 4 S. Ct. 364, 28 L. Ed. 379; Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987; Connecticut Mutual Life Insurance Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569. There is nothing in the Federal Constitution prohibiting a state from giving retroactive effect to its laws, so long as they do not impair the obligations of contracts. I agree with the Court of Appeals for the parish of Orleans (which is the court of last resort in actions involving personal injuries in this state, subject to review by the Supreme Court) that the Act No. 55 of 1930, permitting the party injured to sue the insurer of the one responsible therefor in a direct action, is merely remedial and does not affect any substantial right under the contract of insurance. See authorities cited in that opinion.

As to the contention that this court is without jurisdiction because the injury was inflicted in Arkansas, there appear to be at least two reasons why this position cannot be sustained. The contract of insurance was made in this state and established a contractual relation between the insured and the insurer, from which certain statutory rights flowed in favor of third persons who might be injured, the first (Act No. 253 of 1918) giving to them the privilege of suing the insurer in the event of the bankruptcy of the insured, and, the second (Act No. 55 of 1930), permitting the bringing of the action direct against the former in the first instance. I cannot see that, because the circumstances supporting the exercise of that right happened out of the state, this would force a citizen of this state to go into a foreign jurisdiction for the purpose of asserting it. The object of the state law was to protect its own citizens and to afford them an opportunity in local tribunals of testing such claims in cases growing out of business done here. While there was no contractual tie between plaintiffs and defendants, at the same time, in my opinion, the statutory condition or obligation under which the latter saw fit to do business here, in effect, created a relation equally enforceable. Secondly, it is alleged, and must be taken as true for the purposes of this plea, that the defendants, though not made parties of record in the suit against Schlosser in the state court, actually appeared and defended it to judgment, which they allowed to become final. Under such circumstances the state court (Lawrason v. Owners' Automobile Insurance Co., supra) has held that the insured is bound by the judgment and cannot reopen the question of liability. If this method of appearing was sufficient to conclude it on that issue, I do not see how the present defendants can be heard to say that the same court in which the judgment against Schlosser was rendered was without jurisdiction to enforce that liability so concluded against them.

The same reasoning is applicable to the alternative plea to the venue.

Both exceptions should be overruled. Proper decree may be presented.