162 So. 19

## STEPHENSON v. LIST LAUNDRY & DRY CLEANERS, Inc., et al.

### No. 33343.

April 29, 1935.

Irion & Switzer and Malcolm E. Lafargue, all of Shreveport, for relator.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for respondents.

FOURNET, Justice.

Relatrix, in her capacity as natural tutrix of her minor child, filed suit for damages against List Laundry & Dry Cleaners, Inc., a Louisiana corporation doing business in the state of Texas, and its assurer, Central Surety & Insurance Corporation, a Texas corporation, authorized to do business in the state of Louisiana, in solido. She alleged that her minor son received personal injuries as a result of the negligence on the part of the driver of a truck which belonged to defendant, List Laundry & Dry Cleaners, Inc.

The insurance carrier is made a party defendant under the provisions of Act No. 55 of 1930.

Respondent List Laundry & Dry Cleaners, Inc., filed an exception of vagueness and the Central Surety & Insurance Corporation filed a plea of lis pendens and both defendants filed, jointly, the following exceptions:

"Now into court comes defendants and with respect show that they are improperly joined for the reason that the action against one is on alleged tort and against the other is on alleged contract of insurance.

"And defendant Central Surety and Insurance Corporation shows further:

"(a) The alleged contract is to indemnify the insured if and when the latter may be cast in a final judgment for a liability within the terms of the contract and on which no action lies, by express provision of

the contract, until a judgment shall have been thus obtained against the insured.

"(b) The contract contains no provision whereby the insurer may be sued jointly with the insured.

"(c) Said contract was issued and delivered in the State of Texas, insuring primarily against liability arising from the operation of certain described vehicles usually kept and operated in the State of Texas, and is governed by the law of Texas. '

"(d) The law of Texas does not authorize a joint action against the insurer and the insured for an insured liability, nor require that insurance policies so provide.

"(e) The Louisiana statute in that respect is not applicable and the courts of the state are without jurisdiction to enforce it with respect to a policy issued and delivered out of the state."

The record does not show whether the exception of vagueness and the plea of lis pendens were disposed of by the trial judge. He overruled the exception of misjoinder but sustained the plea to the jurisdiction. This matter is now before us for review on writs granted by this court.

█ The plea of misjoinder was based on the proposition that the plaintiff's cause of action against List Laundry & Dry Cleaners, Inc., was one arising in tort and the action against the insurance carrier was based on the insurance policy and was, therefore, ex contractu. We think the trial judge was

correct in overruling this exception. See Stephenson et al. v. New Orleans Ry. & Light Co. et al., 165 La. 132, 115 So. 412.

█ The exception to the jurisdiction was maintained by the district judge, who based his reasons therefor on the case of Lowery v. Zorn, 157 So. 826, rendered by the Court of Appeal for the Second Circuit of Louisiana, and Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U. S. 143, 54 S. Ct. 634, 636, 78 L. Ed. 1178, 92 A. L. R. 928.

The trial judge fell into the same error as the Court of Appeal did in the case of Lowery v. Zorn, supra, in maintaining the exception to the jurisdiction. The Hartford Case, supra, is not authority in support of his contention but rather against same. The Supreme Court of the United States, in that case, held:

"A legislative policy which attempts to draw to the state of the forum control over the obligations of contracts elsewhere validly consummated and to convert them for all purposes into contracts of the forum, regardless of the relative importance of the interests of the forum as contrasted with those created at the place of the contract, conflicts with the guaranties of the Fourteenth Amendment. Ætna Life Ins. Co. v. Dunken, supra [266 U. S. 389, 45 S. Ct. 129, 69 L. Ed. 342]; Home Ins. Co. v. Dick, supra [281 U. S. 397, 50 S. Ct. 338, 74 L. Ed. 926, 74 A. L. R. 701]. Cases may occur in which enforcement of a contract

as made outside a state may be so repugnant to its vital interests as to justify enforcement in a different manner. Compare Bond v. Hume, 243 U. S. 15, 22, 37 S. Ct. 366, 61 L. Ed. 565 [568]. But clearly this is not such a case. * * *"

It will be noted that jurisdiction is clearly and unequivocally given to the Mississippi courts to try the case in accordance with the views expressed in the opinion, for, in its decree, the Supreme Court of the United States said:

"The judgment is reversed, and the cause is *remanded* for further proceedings not inconsistent with this opinion." (Italics ours.)

We do not have the policy of insurance before us and, therefore, must accept the return of the trial judge as to the admitted facts upon which this case was decided by him.

The court said: "The facts recited in the exception are admitted," and stated further that "the insurance company is a foreign corporation, *doing business in Texas and Louisiana,*" which substantiates the allegations of paragraph 3 of plaintiff's petition, viz., "The Central Surety and Insurance Corporation, of Kansas City, Missouri, is a foreign insurance corporation *authorized to do and doing business in the State of Louisiana,* and having for its authorized agent for service of legal process the Secretary of State of Louisiana." (Italics ours.) This necessarily brings the defendant insurance company into court upon proper and legal service of process. Act No. 105 of 1898, art. 2, § 1; Lusk v. Pacific Mutual Life Ins. Co. (D. C.) 46 F.(2d) 502.

We are of the opinion that the exception to the jurisdiction is not well founded.

For the reasons assigned, the judgment of the district court is annulled, the rule nisi made absolute, the writs perpetuated, and the case remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed.

O'NIELL, Chief Justice.

I concur in the opinion that the district court in Shreveport, La., has jurisdiction to decide whether the plaintiff in this case has a right of action against the Central Surety & Insurance Corporation. The statement of the district judge, that the facts recited in the exception or demurrer were admitted, does not mean that the defendant's inferences or conclusions of law were admitted by the plaintiff. One of the facts which is said to have been admitted was that the insurance was "primarily" against liability arising from the operation of certain described vehicles "usually" kept and operated in Texas. That does not necessarily mean that the insurance did not extend also to liability arising from the operation of the offending vehicle in Louisiana. Whether the plaintiff in this case has a right of action against the insurer depends, in some measure, upon the terms of the policy, which is not yet in evidence or before the court. When the facts are dis-

closed, the question of liability of the insurer to the injured party may—and perhaps will—be governed by the ruling in Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U. S. 143, 54 S. Ct. 634, 78 L. Ed. 1178, 92 A. L. R. 928. But that ruling had nothing to do with the question of jurisdiction.