## ROBBINS v. SHORT et al.
### No. 1561.

Court of Appeal of Louisiana.  First Circuit.
Jan. 28, 1936.

Pugh & Buatt, of Crowley, for appellant.

Welton P. Mouton, of Lafayette, for appellees.

OTT, Judge.

Plaintiff sues to recover damages in the sum of $10,000 which she claims to have sustained in an automobile accident on June 13, 1933, in the parish of Lafayette, on the Old Spanish Trail Highway No. 90. She avers that the said accident resulting in her injuries was caused by the negligence of the defendant, Mrs. Short, in running into the side of a bridge or against a post while plaintiff was riding in the automobile as an invited guest of Mrs. Short; that Mrs. Short was driving the car which belonged to her husband, Thompson Short, with his permission and consent. Both Mr. and Mrs. Short are made defendants in the suit. As both of these defendants are nonresidents of state, they were cited through the secretary of state under Act 86 of 1928, as amended.

The Maryland Casualty Company of Baltimore, an insurance company authorized to do business in Louisiana, was joined in the suit as an insurer of the owner of the car in the sum of $5,000, and this company was cited through the secretary of state and judgment asked for against it in that amount. This insurance company filed an exception of misjoinder, which exception was sustained, and the suit dismissed as to the insurance company. Plaintiff has appealed from that judgment, and the appellee has filed a motion in this court to dismiss the appeal.

### On Motion to Dismiss.

On June 26, 1935, plaintiff secured an order of appeal suspensive and devolutive, returnable to this court in 50 days from that date. Under that order of appeal no bond was filed by the appellant, nor was the transcript filed in this court within the time fixed in the order. On August 27, 1935, plaintiff obtained an order for a devolutive appeal returnable to this court on September 28, 1935, in which order the appellee was ordered to be cited to answer the appeal. Counsel for appellee accepted service of the order and citation of appeal on August 29, 1935. The bond fixed in this order was filed August 30, 1935, and the transcript was filed in this court in due time.

The motion to dismiss is based on the failure of appellant to perfect the first order of appeal by filing the transcript in this court within the time fixed in the order, appellee claiming that this failure to perfect said appeal operated as an abandonment of same.

Until the bond for an appeal is filed, there is no appeal to abandon. Appellant had never filed a bond to perfect the first order of appeal, and when he obtained the order for the devolutive appeal on August 27, 1934, the situation was the same as though no order of appeal had ever been granted. The order for the devolutive appeal was well within the year. This motion to dismiss is controlled by the decision in the case of Vacuum .Oil

Co. v. Cockrell, 177 La. 623, 148 So. 898. The motion to dismiss the appeal is overruled.

### Merits.

The exception of misjoinder filed by the Maryland Casualty Company and sustained by the trial court was based on the ground that the policy by which this insurance company obligated itself to hold Thompson Short, the owner of the car, harmless by reason of any claims for damages in the operation of the car was confected in the state of Missouri between the insured and the insurer and the contract was therefore a Missouri contract governed by the laws of that state; that said insurance policy contained a clause to the effect that no action would lie against the company to recover for any loss or damage under the policy until the amount of the loss or claim had been fixed by a judgment of court against the assured or by agreement of the parties with the written consent of the company, nor in any event unless the action was brought within two years after the judgment or agreement. That no action can be maintained against the company by this plaintiff on said policy until the above requirement has been complied with, and, therefore, plaintiff's petition does not set forth a right or cause of action against the company; that in so far as Act No. 55 of 1930 attempts to give plaintiff a right to join the insurer in an action against the insured for damages for the negligent operation of the car, said act is unconstitutional, null, and void as said act cannot have any extraterritorial effect, the said contract of insurance between said company and the insured, Short, being governed by the laws of Missouri, where the stipulation above referred to is legal and binding.

As it appears from the depositions of two lawyers in Missouri that, under the laws of that state, the insurance company which has written a policy of automobile liability insurance cannot be joined initially with the assured in an action of damages, and as the provision in the policy stipulated that no action could be brought on the policy until a judgment was first obtained against the assured, it follows that plaintiff cannot join this insurer with the assured, Short, in this action if the law of Missouri and the provision in the policy are to control. The learned judge of the lower court gave a very elaborate written opinion in sustaining the exception of misjoinder, basing his judgment on the ground that the contract is governed by the laws of Missouri where it was made, and where the provision in the policy is binding and enforceable. He held that Act No. 55 of 1930 permitting a third person to join the insurer in an action against the assured for damages in a case of this kind only applied to contracts of insurance governed by the laws of Louisiana and consequently, the act could not apply where the contract must be governed by the laws of another state.

In the policy of insurance which the defendant company wrote in Missouri in favor of the defendant, Short, the company insured Short against liability for accident and injury by reason of the operation of the automobile in question within the United States or Canada, and further agreed to defend all suits filed against Short, the insured, even if groundless, and to pay the expenses incident to the defense of said suits. As Short is now being sued on a claim arising in Louisiana by reason of the alleged negligent operation of said car, the insurance company, by the terms of its own contract, is obligated to defend that suit now pending in a competent court of this state. Moreover, we do not understand that the defendant company contends that it is not subject to the jurisdiction of the courts of this state to adjudicate on its liability under its contract of insurance with Short. If such were the contention of the company, it could not be maintained for the reason that by qualifying to do business in this state, it has subjected itself to the jurisdiction of the courts of this state. Stephenson v. List Laundry & Dry Cleaners, Inc., et al. 182 La. 383, 162 So. 19.

Therefore, the only objection that this defendant could have to its being joined with the insured, Short, in the action under the policy is that plaintiff has not first adjudicated her claim against Short in order to fix his liability. Should she first do that as stipulated in the policy, the defendant insurance company certainly could not then contend that it could not be sued in this state on the policy by the plaintiff. Therefore, the only right of which the company could be deprived under its Missouri contract with Short if Act No. 55 of 1930 is given effect in this case, would be its right to first have the liability of Short fixed by a judgment of the courts of this state before it could be brought in-

to the courts of this state to have its liability under the contract determined.

It then becomes of importance to determine whether that right under the Missouri contract is substantive or merely remedial and procedural. If the right is substantive and affects the primary and principal obligation of the insurance company by extending or enlarging its primary obligation under the policy then it follows that Act No. 55 of 1930 which permits the company to be joined in the suit against the insured could not be applied in this case so as to deprive the company of that substantial right of having the claim first liquidated against the insured. This principle runs through all of the cases touching on this point. A few of these cases will serve to illustrate the point.

In the case of Hartford Accident & Indemnity Company et al. v. Delta & Pine Land Company, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928, the United States Supreme Court held that an insurance contract in Tennessee providing that claim must be made against the company for a defaulting employee within fifteen months after the termination of. the suretyship could not be nullified by a statute of Mississippi preventing the imposition of such time limits in such contracts where suit was brought on the policy in Mississippi. It will be noticed in that case that this provision in the policy was vital to the insurer for the reason that, as more than fifteen months had elapsed before the giving of notice, the application of the Tennessee law to the contract would have entirely relieved the company of liability while the application of the Mississippi law would have rendered the company liable. Certainly the right protected under the Tennessee contract in that case was a substantive right and one which the Mississippi statute could not defeat.

To the same effect is the case of Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701. In that case a Texas court undertook to apply a Texas statute fixing the limitation for bringing suit on an insurance policy at two years in order to enlarge and extend the time fixed in the policy of one year, which latter limitation was legal and binding in Mexico, where the contract was made. Id. (Tex.Civ.App.) 8 S.W.(2d) 354; Id. (Tex.Com.App.) 15 S.W.(2d) 1028. The United States Supreme Court

held that this could not be done, as the law of the situs of the contract must govern. In that case the right protected affected the substance of the contract, as the application of the Texas law would have made the company liable while the enforcement of the provision in the policy relieved the company from liability.

Likewise, in the case of Aetna L. Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342, the Texas court attempted to apply a Texas statute assessing a penalty of 12 per cent. damages and attorneys' fees in a suit in that state on a Tennessee policy where no such penalty and attorneys' fees were recoverable, and the court held that the Texas statute thus enlarging and extending the primary obligation of the company under the Tennessee contract could not be enforced. Id. (Tex.Civ. App.) 248 S.W. 165.

If the plaintiff here is permitted to avail herself of the provisions of Act No. 55 of 1930 and join the insurance company in the same suit with the insured and have her rights with respect to both adjudicated in the same action rather than by way of the circuitous route of first suing the insured and having her rights fixed and then suing the insurance company in the courts of this state, in what respect can it be said that the insurance company is deprived of any substantial right under the Missouri contract? The primary obligation of the insurance company could not be made more onerous by joining it in the same suit with the insured because Act No. 55 of 1930 provides that nothing in the act shall prevent the insurer from urging all defenses against the plaintiff as it could urge if the action was brought against it by the insured himself, nor does the act in any way attempt to enlarge or change the contract of insurance between the insured and the insurer. This act is purely remedial and does not affect any substantial rights under the contract of insurance. Hudson v. Georgia Casualty Company (D.C.) 57 F.(2d) 757. Nor does the act impair the obligation of contracts. Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Co., Inc., 18 La.App. 725, 138 So. 183; Ruiz v. Clancy et al., 182 La. 935, 162 So. 734.

The learned trial judge was governed to a large extent in his conclusions by the case of Lowery v. Zorn (La.App.) 157 So. 826, 830, where under a state of facts very

similar to the situation in this case, our brethren of the Second Circuit sustained an exception to the jurisdiction of the court and an exception of misjoinder filed on the part of the insurance company. A careful reading of that decision shows that on the principal point involved in this case, that is the right to join the insurer in the action against the insured for damages, the court reached the same conclusion as we have reached in this case, as will be seen from the following excerpt taken from that opinion: "Plaintiff also contends that Act No. 55 of 1930 affects only the remedy or procedure. In so far as in a proper case the act permits the party injured to join the insurer, the statute is merely remedial."

But the court manifestly based its reasons for sustaining both the exception to the jurisdiction and the exception of misjoinder on the ground that the courts of this state have no jurisdiction to adjudicate between the insurance company and the insured under a contract controlled by the laws of another state. This is indicated by a further quotation from that opinion as follows: "The fact that the tort occurred within the state of Louisiana undoubtedly confers jurisdiction upon our courts as to the tort-feasor, but it does not confer such jurisdiction over contracts between the tort-feasor and third persons entered into outside of the state."

The principal ground for sustaining the exceptions in that case being the lack of jurisdiction in the courts to liquidate the rights as between the insurer and the insured in an action brought against them by a third party, the grounds on which that decision was based were overruled by the Supreme Court in the case of Stephenson v. List Laundry & Dry Cleaners, Inc., et al., supra.

Our conclusion is that that part of Act No. 55 of 1930 permitting a claimant to join the insurer with the owner of the car under an automobile liability accident policy where a suit for damages is brought only relates to the form and effect of the action and may be applied by the lex fori, even though the contract of insurance is governed by a different provision in the policy valid under the laws of the state where entered into.

For the reasons assigned, the judgment of the lower court is reversed, and the case remanded for trial; cost of appeal to be paid by appellee, cost below to await the judgment of the lower court.