This is an appeal by plaintiffs from a judgment dismissing on exception of no right of action their suit for damages for the death of their brother, John A. Mock, who died on March 15, 1936, as the result of physical injuries or drowning caused by an automobile accident in which the car in which he had been riding as a guest passenger was being driven by Frank Weiland, who, at the time, was an employee of L.B. Price, Mercantile Company.
According to the original and supplemental petitions the Price Company secured from Maryland Casualty Company of Baltimore a policy of public liability insurance under which the said Company agreed to indemnify and hold harmless against liability for damage caused by automobiles, the said Price Company and those individuals who might be named in any participation certificates which might be issued. Such a participation certificate had been issued in the name of Weiland prior to the accident in which Mock was killed.
The accident was caused solely by negligence of Weiland.
Both Mock and Weiland were citizens of Louisiana and it is alleged that the participation certificate in the name of Weiland had been delivered in New Orleans.
Plaintiffs are a brother and a sister of the said John A. Mock, and they allege that they "are the only surviving relatives of the deceased, John A. Mock, and were his only survivors on said date of March 15th, 1937, deceased having left surviving him, no ascendants, descendants, brothers, sisters, adopted children or a surviving spouse other than petitioners."
It is also alleged — and the exception is founded on this allegation — that the accident occurred in the State of Texas. This exception challenges the right of plaintiffs to maintain an action for the death of their brother since the laws of the State of Texas, Vernon's Ann.Civ.St. Tex. arts. 4671-4678, do not permit recovery by brothers or sisters for wrongful death of a brother or of a sister.
In the exception itself the laws of the State of Texas on the subject are set forth, and it is conceded by counsel for plaintiffs that they are correctly set forth therein. We therefore find it unnecessary to quote either the laws themselves or the jurisprudence *Page 201 
which is set forth in the exception and in the briefs.
Counsel for plaintiffs maintain that since the two persons who were involved in the accident, to-wit, Weiland and Mock, were both citizens of Louisiana, and since the certificate of insurance was delivered in Louisiana, the rights of the parties are controlled by the laws of Louisiana and not by those of the State of Texas, and that because by Act 55 of 1930 plaintiffs are given the right to bring suit directly against the insurer of the person whose negligence caused the accident, plaintiffs may recover in Louisiana and under the laws of Louisiana. Counsel's argument is that because of the effect of that statute, there has been created a contract between plaintiffs and the Insurance Company, or at least a stipulation "pour autrui" in favor of plaintiffs, and that therefore their suit is one sounding in contract and that the rights of the parties thereto should be determined under the laws of the state in which that contract was entered into.
It is conceded by counsel for plaintiffs that had they sued Weiland their rights as against him would have been controlled by the laws of the State of Texas.
Even if the Act of 1930 created any substantive rights in plaintiffs, the contract of insurance contained no provision which by any stretch of the imagination could be construed as rendering the insurer liable in any case in which the insured would not himself have been liable. The policy stipulated in Clause A that it would protect the insured "against loss from liability imposed by law" and it is clear and has been conceded that so far as Weiland is concerned the law — that of Texas — imposes on him no liability in favor of plaintiffs for the death of their brother.
The legal situation is not the same as that presented in Rome v. London Lancashire Indemnity Company of America, La.App., 169 So. 132, nor is it the same as that found in Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191, and Palmer v. Edwards, La.App., 155 So. 483, rehearing denied La.App., 156 So. 761. Nor is it the same as was found in Ruiz v. Clancy, 182 La. 935,162 So. 734, for in each of those cases it was held that the only reason for which there might be recovery from the insurer, though not from the insured, was that the insured enjoyed an immunity which was personal and of which immunity the insurer could not take advantage. But in each of those cases the insurer was held liable because the court found that the insured too would have been liable but for the immunity. Here there would have been no liability in Weiland because the law gave no rights under the circumstances, and since the law gave no rights against Weiland, the Act of 1930 gave none either. As we have said, that statute created no substantive rights. See Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., 18 La.App. 725, 138 So. 183; Gager v. Teche Transfer Co., Inc., La.App., 143 So. 62; Tuck v. Harmon, La.App., 151 So. 803; Robbins v. Short, La.App., 165 So. 512, and Graham v. American Employers' Ins. Co., La.App., 171 So. 471.
In Tuck v. Harmon, La.App., 151 So. 803, 805, the court said: "The right granted under Act No. 55 of 1930 was procedural and not substantive." Citing Gager v. Teche Transfer Co., La.App., 143 So. 62.
In Graham v. American Employers' Ins. Co., La.App., 171 So. 471, 476, the court, referring to the Act of 1930, said: "The act in question does not furnish substantive rights. Its benefits are procedural in nature.", and in that case the court also said: "* * * the statute merely gives a right of action against the insurer when the claimant has a cause of action against the insured."
In Hudson v. Georgia Casualty Co., 57 F.2d 757, 759, Judge Dawkins of the Federal District Court for the Western District of Louisiana, in commenting on the decision of this court in Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co. Inc., supra, said: "I agree with the Court of Appeal for the parish of Orleans (which is the court of last resort in actions involving personal injuries in this state, subject to review by the Supreme Court) that the Act No. 55 of 1930, permitting the party injured to sue the insurer of the one responsible therefor in a direct action, is merely remedial and does not affect any substantial right under the contract of insurance."
In Robbins v. Short, La.App., 165 So. 512, 514, the court in referring to the statute said: "This act is purely remedial and does not affect any substantial rights under the contract of insurance."
The statute merely affords a remedy and permits a direct action not under *Page 202 
any theory that by the contract of insurance any right is created in plaintiff against the insurer but merely on the ground that, by the tort, rights are created which are permitted to be asserted directly against the insurer of the party at fault. But this is in no sense a suit in contract and it has often been held that even where the Act of 1930 is involved, nevertheless the cause of action against the insurer is essentially one in tort. In Reeves v. Globe Indemnity Co. of New York, 185 La. 42,168 So. 488, 489, the Supreme Court said: "The original and supplemental petitions deal with one and the same demand, which is essentially and fundamentally a tort action."
In Metropolitan Casualty Ins. Co. v. Bowdon, 181 La. 295,159 So. 394, 396, the Supreme Court said: "This is unquestionably an action ex delicto. Plaintiff's rights, if any, to recover damages from the defendants, are based upon the same or identical grounds as the widow's and minor child's. In other words, neither of these parties can recover from the defendants unless it can be shown that the defendant, owner and driver of the automobile, was at fault in causing the accident * * *."
In Ruiz v. Clancy, supra, the Supreme Court held that the act of 1930 creates no rights against the insurer unless the facts of the accident would have created a right against the insured but for the personal immunity which the insured enjoyed. The court said [182 La. 935, 162 So. 738]: "With regard to the merits of a claim against an insured, the statute does not give the claimant a right of action against the insurance company unless the claim against the insured is well founded in law."
In Bougon v. Volunteers of America, La.App., 151 So. 797, 801, we said: "In our opinion, this particular section of the act intends to limit the action of the third person against the insurer to such cases as would involve a liability of the insured and within the coverage of the policy."
To revert to the fundamental question on which the exception is based, let us state that the law is well settled that the rights and liability of parties in tort actions are determined by the laws of the state in which the tort is committed, and that where the rights of survivors are involved, whether there are any such rights, must be determined in accordance with the law of the state in which the tort was committed. In Ormsby v. Chase,290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499, the U.S. Supreme Court said: "Whether a claim for damages survives the death of the wrongdoer is determined by the law of the place of the wrong."
Mr. Blashfield in his Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 9, Part 1, § 5791, applying the rule to automobile cases, states that: "The rights and liabilities of parties in automobile accidents, as a general rule, are determined by the laws of the state where the accident occurred."
From 21 Corpus Juris Secundum, Courts, § 545, we learn that: "The prosecution of transitory actions in a country other than that in which the cause of action arose is based on comity, so that, where under the lex loci no right of action exists, none can be enforced in the jurisdiction of suit; * * *."
Similarly, see American Jurisprudence, Vol. 2, Conflict of Laws, Section 182, p. 490: "Where an action is brought in one jurisdiction for a tort committed in another, the general rule is that all matters relating to the right of action are governed by the lex loci delicti."
And in the Restatement of the Law, Conflict of Laws, Section 384, it is stated that: "(2) If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state."
And in Section 391 "The law of the place of wrong governs the right of action for death."
We think it very clear that under the law of Texas no right of action exists in favor of plaintiffs and that Act 55 of 1930 creates no such right.
The judgment appealed from is affirmed.
Affirmed. *Page 203