## ROGERS v. AMERICAN EMPLOYERS' INS. CO.

### Civ. A. No. 1490.

District Court, W. D. Louisiana,
Shreveport Division.

June 23, 1945.

Booth & Lockard, of Shreveport, for plaintiff.

Cook, Clark & Egan, of Shreveport, for defendant.

DAWKINS, District Judge.

This suit is against the insurer alone, under an automobile liability policy, issued to Benjamin N. Frank in the District of Columbia, without making the insured a party, as permitted by Act 55 of the Louisiana Legislature of 1930. Jurisdiction rests upon diverse citizenship. Defendant has moved to dismiss the bill on the following grounds: (1) that the policy was written or the contract entered into in the District of Columbia; (2) that it contained the following provisions: "No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied, with all the terms of this policy, nor *until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.*" (Emphasis by the writer.) (3) that under the law of the District of Columbia said provision in the policy is valid and prevents a third person from proceeding against the insurer until he has obtained judgment against the insured; and (4) that the issue involves a matter of substantive law, which can not be disregarded in another jurisdiction without doing violence to Section 10 of Art. 1 (prohibiting the impairment of the obligations of contracts), Section 1, art. 4, (full faith and credit) and Section 1 of the 14th Amendment of the Federal Constitution (due process and equal protection).

On argument to dismiss the facts alleged therein were admitted, including the statement that no action had been brought or judgment obtained against the insured.

There is but a single question of law involved and that is as to whether the provisions of Act 55 of 1930 of the State, permitting the suing of the insurer alone, and without first obtaining judgment against the insured, is substantive or remedial legislation.

Of course, in so far as the issue involves the Federal Constitution, it is one which this and all other Federal courts are required, when raised, to decide for themselves, and can not be controlled by decisions of state courts. Both this court and the Court of Appeals for this, the Fifth Circuit, have had occasion to construe this very act of the State upon the point in question. In Hudson v. Georgia Casualty Co., D.C., 57 F.2d 757 and Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316 those decisions were adverse to the contention now made by defendant. Similar conclusions have been announced by Courts of Louisiana. Rossville Com-

mercial Alcohol Corporation v. Dennis Sheen Transfer Co., 18 La.App. 725, 138 So. 183; Gager v. Teche Transfer Co., Inc., La.App., 143 So. 62; Tuck v. Harmon, La.App., 151 So. 803; Graham v. American Employers' Ins. Co., La.App., 171 So: 471.

Defendant cites and relies upon, among other cases, Wheat v. White, D.C., 38 F. Supp. 796, wherein the identical issue was involved. In that case it was held that, since the contract was made in and with reference to the law of Mississippi, which, unlike that of Louisiana, did not give the right to sue the insurer without first obtaining a judgment against the insured, to permit such procedure here would violate the constitutional provisions relied on by defendant. In other words, Judge Caillouet held it to be substantive rather than procedural.

It is alleged in the petition in the present case, and I think must be assumed, that the defendant undertook to defend, pay and satisfy any claim against the insured arising out of the operation of his automobile. However, it required that he first be sued and the claim liquidated before defendant would pay. There was no curtailment of liability, within the amount of the policy, but simply the requirement that it should first be ascertained in a suit against the insured, not against the insurer. Can this be said to affect anything other than the manner or procedure to be followed in ascertaining the amount of the liability, which by the terms of the policy the defendant had assumed? The Act 55 of 1930 does not increase the liability of the insured at all or deprive the insurer of any defense to which it would otherwise be entitled. It simply says that, instead of pursuing the circuitous route of first suing a tort-feasor, and then, if necessary, bringing an action against his insurer, the whole matter may be determined once and for all by suing the insurer direct, who may have all the benefits of any defense, which could be claimed by its principal, the insured. As stated, this liability is not affected one way or the other.

Defendant also relies, among others, upon the case of Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 636, 71 L.Ed. 1178. There the suit was against the surety by the obligee in a bond guaranteeing the honesty and integrity of an employee, but limiting liability (not the method of procedure of ascertaining it) for acts of the employee as to which the surety was given notice within fifteen months after the contract of indemnity had ended. This contract was valid in the state where it was made. The suit was brought in Mississippi for acts of dishonesty of the employee, alleged to have been committed there, where the period for giving notice was by statute and decisions, such as to have made the notice timely, but beyond the fifteen month period stipulated in the bond. The Supreme Court said that "the *liability* was for the payment of money only, and was conditioned upon three events, loss under the policy, notice to the appellant (Indemnity Company) at its home office, and presentation of claim within fifteen months of the termination of the suretyship. All these conditions were of substantial importance, all were lawful in Tennessee, *and all go to the obligation of the contract.*" (Emphasis by the writer.) On the other hand, the Louisiana statute, as above pointed out, does not affect the obligation of the contract, but merely the order in which persons, parties to it (being clearly tripartite in its nature, since the very purpose was to provide for the payment or indemnification of the insured for any and all claims of every person lawfully ascertained against him), could sue upon it.

The practical consequences of the holding that this state statute could not apply is illustrated in the present case where the insured was a member of the armed forces, going from place to place, with no permanent residence. But for the comparatively recent act of the State Legislature, No. 86 of 1928 as amended by No. 184 of 1932, plaintiff could have sued the owner of the automobile only at his domicile or where he could be found. At the same time the policy of insurance might have been operative, the insurer well known to claimant and doing business in Louisiana. Under this stipulation in the policy the insurer could not have been sued until judgment was obtained against the insured whom the injured person probably would not have been able to locate. The state of Louisiana attempted in the Act (55 of 1930) in question to protect its citizens against such difficulties and since it has been held to affect only procedure and not substantive rights, both by the courts of the State and by this court and the Court of Appeals for this circuit, I am constrained to overrule the motion to dismiss.

Proper decree should be entered.