## BELANGER v. GREAT AMERICAN INDEMNITY CO. OF NEW YORK.

### Civ. No. 736.

United States District Court,
E. D. Louisiana, Baton Rouge Division.

April 5, 1950.

Odom & Belanger, Baton Rouge, La., for plaintiff.

Christovich & Kearney, New Orleans, La., for defendant.

WRIGHT, District Judge.

Plaintiff herein has brought a direct action against the defendant insurer, under Section 14.45[1] of the Louisiana Insurance Code, Act No. 195 of 1948, which section

---

1. "No policy or contract of liability insurance shall be issued or delivered in this State, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured, shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer.

The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured has his domicile, and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido. Nothing contained in this section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or

repeals and replaces Act 55 of 1930 of the Louisiana Legislature. The complaint alleges that the defendant is the liability insurer of the Crosby Steam Gage and Valve Company of Boston, Massachusetts, and that plaintiff lost the sight of his right eye when a gauge manufactured by the Crosby Steam Gage and Valve Company exploded in his face. Jurisdiction is based on diversity of citizenship and the amount in controversy.

Defendant has filed a motion to dismiss on the ground that Section 14.45 of the Louisiana Insurance Code does not apply to the insurance policy here in suit for the reason that it was issued in Massachusetts and Section 14.45 applies only to policies issued and delivered in Louisiana. Further, the policy has a "no action" clause,[2] valid in Massachusetts, under which no action will lie against the insurer until the amount of the claim has been fixed judicially or by agreement between the parties with written consent of the insurer.

Plaintiff cites a list of cases decided by the Supreme Court of Louisiana, the Courts of Appeal of Louisiana and the United States District Courts sitting in both the Eastern and Western Districts of Louisiana holding that under Act 55 of 1930 there is a right to direct action against a liability insurer, regardless of where the policy was issued and delivered. These decisions, however, are all based on Act 55 of 1930, and not on Section 14.45 of the Louisiana Insurance Code, which repeals and replaces Act 55. No case has been cited wherein Section 14.45 has been applied to a policy of insurance issued and delivered in a state other than Louisiana.

■ Prior to the passage of Section 14.45, Act 55 of 1930 was the statute which provided for direct action against insurers. Act 55 of 1930[3] provided that "it shall be illegal for any company to issue any policy against liability" except subject to the further provisions of the act. It would appear that this language would clearly restrict the application of the provisions of the act to policies of liability insurance issued in Louisiana. The courts, however, have held otherwise. Stephenson v. List Laundry and Dry Cleaners, Inc., 182 La. 383, 162 So. 19; Robbins v. Short, La.App.,

contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State."

2. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

3. "That, after the passage of this act, it shall be illegal for any company to issue any policy against liability unless it contains a provision to the effect that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and any judgment which may be rendered against the assured, for which the insurer is liable, which shall have become executory, shall be deemed prima facie evidence of the

insolvency of the assured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer company. Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicil, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido.

"Provided that nothing contained in this act shall be construed to affect the provisions of the policy contract if the same are not in violation of the laws of this State.

"It being the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided the term and conditions of such policy contract are not in violation of the laws of this State."

165 So. 512; Duncan v. Ashwander, D.C., 16 F.Supp. 829; Rogers v. American Employers Insurance Company, D.C., 61 F. Supp. 142. The Louisiana Legislature with full knowledge of this line of jurisprudence giving extraterritorial effect to Act 55 repealed the act and enacted Section 14.45 of the Louisiana Insurance Code. The intention of the legislature to limit Section 14.45, under which the right of direct action against liability insurers is now provided, to policies of insurance issued in Louisiana is manifested by the first clause of the act which reads as follows: "No policy or contract of liability insurance shall be issued or delivered in this State, * * *." By this language it is apparent that the legislature rather than risk the possibility of Section 14.45 being declared unconstitutional as applied to out of state liability policies, specifically limited its application to policies issued in Louisiana. Under this section therefore, if the expressed intent of the legislature is to be given effect, the direct action provision does not apply to policies of liability insurance issued in states other than Louisiana. It will follow, therefore, that Section 14.45 does not apply to the policy of insurance here in suit since it was admittedly issued in Massachusetts.

There is a further and even more fundamental reason why the plaintiff cannot maintain his direct action against the insurer in this case. The policy of insurance herein relied on has a "no action" clause and is governed by the law of Massachusetts where "no action" clauses in policies of insurance are permitted under the laws of the state. The courts of last resort of Louisiana have held that this "no action" clause must give way to the direct action provision of Act 55 of 1930. Stephenson v. List Laundry and Dry Cleaners, Inc., supra; Robbins v. Short, supra; Duncan v. Ashwander, supra; Rogers v. American Employers Insurance Company, supra. These courts hold that Act 55 of 1930 is procedural and therefore the law of the forum governs its application to insurance policies rather than the law of the state where the policy was issued. These courts argue that the "no action" clause in

insurance policies is a procedural provision and no substantive rights of the defendant insurer are abridged by disregarding it.

█ It is true that under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, this court is bound to follow the decisions of the courts of last resort of the state in cases wherein jurisdiction is based on diversity of citizenship. However, even in diversity cases, where a defense is made based on the Constitution of the United States, this court cannot follow courts of last resort of the state but must be guided by the decisions of the Supreme and appellate courts of the United States.

█ The defendant herein alleges that if the "no action" provision of the contract of insurance is disregarded, it will suffer loss of substantial rights, rights guaranteed to it under the Constitution of the United States, particularly the right not to have its contract validly entered into in Massachusetts impaired by the laws of the State of Louisiana, Article 1, Section 10, United States Constitution, and the right not to be deprived of its property without due process of law, Amendment 14, United States Constitution.

Defendant contends the "no action" clause is placed in its policies in states where the law permits in order that the insured will be named as the defendant in causes of action rather than the insurance company. By naming the insured as the defendant, the insurance company gets the benefit of any good will the insured may have in the state in which the action is brought and juries are less likely to "stick the insurance company". Further, the "no action" clause in effect requires the insured to assist in the defense of the action at least to the extent of not cooperating with the plaintiff in mulcting the insurance company. By bringing action in the name of the assured it is sometimes possible that the judgment, if against the defendant, will be in excess of the coverage on the policy, in which event the insured himself would be liable for the excess. This possibility insures cooperation with the insurance

739

company by the insured in the defense of the action. The possibility also that the insurer may have a defense under the policy would tend to keep the insured cooperative while the case is being prosecuted against him.

Defendant further asks this court to take judicial notice that under Louisiana law there is an appeal on the facts as well as law, that as a result the vast majority of damage suits are tried without a jury, and consequently the awards in damages in Louisiana courts are relatively low as compared to awards of juries in similar cases brought in the federal courts on ground of diversity of citizenship—a diversity usually obtained by eliminating the insured from the action and suing the insurer directly.

In addition to the Louisiana jurisprudence cited supra, plaintiff relies on Wells v. American Employers Insurance Company, 5 Cir., 132 F.2d 316. In that case a resident of Louisiana brought a direct action suit in Texas against an insurer alleging negligence on the part of the insured. The liability policy was issued in Louisiana. The Court of Appeals held that Act 55 of 1930 was procedural and hence not applicable when the forum is a United States District Court in Texas.

It is noteworthy that Judge McCord dissented in the Wells case holding that Act 55 of 1930 was substantive, and subsequently concurred in the decision rendered in New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, 769, 6 A.L.R.2d 128, in which the court in referring to Act 55 of 1930 said the following: "The 1930 Act is not wholly procedural, for it confers also a substantive right upon the injured party in the direct action granted such party against the insurer. Nor is the act procedural in the sense that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are procedural; it deals neither with practice nor procedure in civil actions. If under it suit is instituted in a State court, State practice and procedure govern; if instituted in a federal court, federal practice and procedure become applicable. * * *"

The decision in the Wells case is not determinative of the issue here. The Wells

case merely presented a question of conflict of laws. The "no action" clause was not involved and no constitutional issue was raised. Further, the Wells case was decided before the repeal of Act 55 of 1930 and the enactment of Section 14.45 of the Louisiana Insurance Code.

The case which controls the issue at bar is not the Wells case but Hartford Accident & Indemnity Company v. Delta & Pine Land Company, 292 U.S. 143, 54 S.Ct. 634, 636, 78 L.Ed. 1178, 92 A.L.R. 928. There suit was brought in Mississippi on an employee fidelity bond issued in Tennessee and containing a fifteen month limitation on time to bring action thereon. Time for taking action under the policy had expired when the suit was brought. The defalcation of the employee took place in Mississippi. The fifteen month clause on policies of insurance, including fidelity bonds, is valid in Tennessee but invalid in Mississippi by statute. In reversing the decision of the Supreme Court of Mississippi for the plaintiff, the court said:

"The Mississippi statutes, so construed, deprive the appellant of due process of law.

* * * * * *

"A legislative policy which attempts to draw to the state of the forum control over the obligations of contracts elsewhere validly consummated and to convert them for all purposes into contracts of the forum, regardless of the relative importance of the interests of the forum as contrasted with those created at the place of the contract, conflicts with the guaranties of the Fourteenth Amendment. Aetna Life Ins. Co. v. Dunken, supra, [266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342]; Home Insurance Co. v. Dick, supra, [281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701]. Cases may occur in which enforcement of a contract as made outside a state may be so repugnant to its vital interests as to justify enforcement in a different manner. Compare Bond v. Hume, 243 U.S. 15, 22, 37 S.Ct. 366, 61 L.Ed. 565. But clearly this is not such a case."

The only difference between the case at bar and the Hartford Accident case is that the provision of the policy in conflict with

the Mississippi statute in the Hartford Accident case related to the time *after* which action could not be brought on the policy and the provision of the policy in the present suit in conflict with the Louisiana statute relates to the time *before* which action cannot be brought on the policy. In other words, the Hartford policy said no action after fifteen months and the present policy says no action before insured is condemned to pay. While it must be conceded that the recognition of the so-called "fifteen month" clause was more important to Hartford than recognition of the "no action" clause is to the present defendant, nonetheless the "no action" clause outlines a definite reservation of liability on the part of the insurer—a substantial right.

The "no action" clause requires that the insured be named defendant and not the insurer. Juries are notoriously more free with the funds of insurance companies than they are with the funds of ordinary defendants. As a matter of fact, in some states it is unlawful to let the jury know that the defendant is covered by insurance. Consequently, it may well be that the "no action" clause, as defendant contends, assists the insurer in avoiding excessive jury verdicts. Certainly the rush of lawyers to file direct action cases against insurance companies in the federal courts sitting in Louisiana would tend to support the defendant's contention. It is to be presumed, of course, that the recovery in a given case will be the same whether the defendant is the insured or the insurer, whether tried before judge or jury. Such presumptions, however, failed to impress Mr. Justice Holmes for in Frank v. Mangum, 237 U.S. 309, 349, 35 S.Ct. 582, 595; 59 L.Ed. 969, he wrote: "This is not a matter for polite presumptions; we must look facts in the face. Any judge who has sat with juries knows that, in spite of forms, they are extremely likely to be impregnated by the environing atmosphere."

In addition the "no action" clause assists the insurer in getting the cooperation of the insured in the preparation and trial of the case. If the insured knows that it is he who is to be sued, he may be more helpful in getting the names of witnesses and notifying the insurer promptly. The possibility that the insurer may not be required to indemnify him will tend to keep the insured interested in the successful outcome of the litigation. Where there is no possibility of his being required to pay the judgment, as in a direct action suit against the insurer, the insured is likely to be less interested, less available and less cooperative, particularly when the relationship between the plaintiff and the insured is cordial.

The policy here in suit is a policy validly issued in Massachusetts. This policy outlines the contract between the parties and the plaintiff herein was not a party to that contract. To allow him to invalidate a substantial part of that contract by applying Section 14.45 of the Louisiana Insurance Code is to deprive the defendant of due process of law in violation of the Constitution of the United States.

The motion to dismiss is granted.